[Sac. No. 4110. In Bank.—June 25, 1929.]

ALICE LEE OATMAN, Respondent, v. H. A. NIEMEYER, as Administrator, etc., Appellant.

W. P. Rich for Appellant.

Lawrence Schillig for Respondent.

THE COURT.—On rehearing in bank, we adopt the statement of facts as set forth in the department opinion:

"This is an appeal from the judgment of the trial court in favor of the plaintiff granting reformation of an instrument purporting to be a deed, by inserting therein a description of certain real property which was owned by the deceased, but which, it was claimed, was omitted by mistake from said instrument, and also quieting plaintiff's title to the real property after said purported deed had been reformed. The appeal was taken on the judgment roll alone.

"The facts found by the court show: That on the 4th day of June, 1922, in the city of Wheatland, county of Yuba, state of California, one A. N. Garrison employed plaintiff to care for him, nurse him, and keep house for him at his residence in said city of Wheatland, county of Yuba,

state of California, which service was to be continuous to the date of his death; that said A. N. Garrison was of the age of eighty years or thereabouts, at said time. In consideration of such service, said Garrison promised and agreed to and with plaintiff that he would give her all his property, both real and personal, on hand at the time of his death. In pursuance of such agreement plaintiff, on said 4th day of June, 1922, began such service and continued to and did render all of such service to be given by her to said A. N. Garrison to the date of his death, to-wit: on the 18th day of October, 1926. On the 4th day of October, 1926, the said A. N. Garrison informed plaintiff that he wished to comply with his said agreement and execute the necessary papers giving her his property and sent for one S. D. Hicks, who was then and there and for some time previous had been a justice of the peace of the territory in which the said city of Wheatland was situated; that thereupon the said S. D. Hicks went to the residence of said A. N. Garrison in said city of Wheatland and the said A. N. Garrison then and there instructed the said S. D. Hicks to draw the necessary papers which would invest plaintiff with all of his property and thereupon the said S. D. Hicks prepared a deed and the same was signed and executed by the said A. N. Garrison and the said A. N. Garrison requested said S. D. Hicks and one Ira Rowland to sign as witnesses thereto; that after the signing and witnessing of said deed the same was then and there by the said A. N. Garrison delivered to said plaintiff Alice Lee Oatman. The deed so signed and witnessed is set out in the findings. It purports to grant, bargain and sell to the plaintiff, her heirs and assigns forever, 'all the certain lot, piece or parcel of land situate, lying and being in the city of Wheatland, County of Yuba, State of California, and bounded and particularly described as follows, to-wit:' No description of the property sought to be conveyed appears in the deed. The trial court found that the real property intended to be conveyed was the only real property owned by said A. N. Garrison and the same constituted one compact piece or tract of land which was fenced and on which was a dwelling house where the said A. N. Garrison resided and where the plaintiff rendered such services. The description of the property is inserted in the findings of the court.

"It was also found that through the mistake of the scrivener, the plaintiff's name was improperly spelled and the description of the property intended to be conveyed was omitted and that such mistake and omission was not brought to the attention of the plaintiff until after the death of A. N. Garrison on the 18th of October, 1926. It was further found that the plaintiff had not been paid by the said A. N. Garrison for her services aforesaid nor has she been paid since his death therefor, except by the conveyance of said real property hereinbefore described and which was intended by the said A. N. Garrison to convey to said plaintiff the real property described in the findings in payment for such services. The plaintiff is now and ever since the date of the delivery of said deed or instrument to her has been in the actual possession of said real property hereinbefore described, together with the dwelling house thereon and all things therein.

"The trial court entered a decree reforming and correcting the said deed so that plaintiff's name would appear therein properly and inserted the description of the property which had been omitted, and quieted plaintiff's title against the administrator of the estate of A. N. Garrison, deceased, to the property so described."

Appellant contends that the lack of description in the instrument before the court, or of any reference to the property by which it could be located, constituted a patent ambiguity, and that it was error for the trial court to hear extrinsic evidence by which it was sought to locate and describe the property; that the purported deed was wholly inoperative and void because of the want of any description or designation of subject matter, and that, being void, it cannot be reformed.

There can, of course, be no question but that the deed was void in law, that is, that it failed wholly as a conveyance of property since no property was described. But the contention that, for that reason, it cannot be reformed fails to distinguish between a contract which is void for some fundamental reason and an instrument or writing which is void because of mistake in its preparation. If the contract itself is void, as, for example, because it is immoral or because the parties have not agreed on all of its terms and there is, for that reason, no final contract or understanding between

them, or because the contract lacks consideration, reformation is impossible, since there is no valid contract to reform. But this is entirely different from a case where there is a valid contract and the parties have endeavored to put it in writing, and have made a mistake in writing down its terms, or have endeavored in accordance with the contract to execute an instrument, such as a deed, for the purpose of carrying it out and, through mistake in the preparation of the instrument, the document fails, either wholly or partially, to accomplish such purpose. The instrument may be void in such a case because of the mistake, but there is still a valid contract; and the contract being valid, equity will reform the instrument to make it what it should be, and would have been except for the mistake. There is no making of a new contract in such a case. There is but the making of a new instrument, either to correctly express the contract or to carry it into effect. (Civ. Code, sec. 3399; *House* v. *McMullen,* 9 Cal. App. 664 [100 Pac. 344]; *Merkle* v. *Merkle,* 85 Cal. App. 87 [258 Pac. 969].),

The judgment is affirmed.

Rehearing denied.

All the Justices present concurred.