[L. A. No. 9679. In Bank.—March 17, 1931.]

F. G. CALHOUN, Appellant, v. GEORGE G. DOWNS et al., Respondents.

E. W. Peterson and Sherman Lacey for Appellant.

Wright & McKee and C. M. Munroe for Respondent Ahlborn.

Hendee & Rodabaugh for Respondents Downs.

CURTIS, J.—This is an appeal from a judgment dismissing the action after an order sustaining demurrers to the amended complaint without leave to amend.

It is alleged in said amended complaint that the defendants, George Downs and Lola Downs, who are husband and wife, were the owners of certain real property described therein and situated in the county of San Diego, and that while such owners they listed said real property with the plaintiff, a duly licensed and commissioned real estate broker, and employed plaintiff to sell said real property for the sum of $10,000, agreeing to pay plaintiff the usual broker's commission of five per cent for making sales of real estate in said county in case the plaintiff should make a sale of said real property, or the sum of $500.; that in pursuance of said agreement plaintiff procured the defendant, George P. Ahlborn, as a purchaser of said real property, who was ready, able and willing to buy the same for the sum of $10,000, and that on the thirteenth day of April, 1926, Downs and wife entered into an agreement with the defendant Ahlborn whereby they agreed to sell and Ahlborn agreed to buy said real property for the sum of $10,000, and to pay to plaintiff a commission of $500, but in reducing said agreement to writing by the mutual mistake of plaintiff and defendants the figures "500" after the dollar sign and the words, "F. G. Calhoun" after the word, "to" in the last line of said agreement were omitted therefrom, so that said last line reads as follows, "I agree to pay a commission of $—— to ————".

It is further alleged in said amended complaint that thereafter and on the first day of June, 1926, the defendants without the knowledge or consent of the plaintiff entered into a second written agreement whereby Downs and wife agreed to sell and Ahlborn agreed to buy the same real property for the sum of $9,500. This latter agreement contained no provision for the payment of any real estate commission, but did contain the following paragraph upon that subject, "It is hereby mutually agreed that any commission which may be claimed by any firm or individual because of the sale of the herein described property is to be paid by the party of the second part and the party of the second part hereby guarantees the parties of the first part against any loss whatsoever through any such claim, deed not to be delivered to the party of the second part until the parties of the first part have been satisfied that no claim for commission will be made".

The amended complaint contains other allegations but it is not necessary to refer to any of them except those averring that the sum of $500 was the reasonable value of the services rendered by plaintiff in effecting said sale, and that said sum had not been paid. Plaintiff asked for a reformation of the agreement of April 13, 1926, by the insertion of "500" after the dollar sign and the words, "F. G. Calhoun" after the word, "to" in the last line of said agreement, and for judgment of $500 against the defendants and each of them, together with interest from the date of said agreement. The defendants Downs and wife appeared separately from their co-defendant Ahlborn, each filing a general demurrer to the amended complaint. These demurrers were sustained and the plaintiff has appealed.

The position of the trial court, and that taken by the respondents on this appeal, is that a contract to pay a real estate commission, being one which is required under the statute of frauds to be in writing, if it fails to contain all the essential elements of such a contract, cannot be reformed so as to include any of the elements omitted therefrom for by so doing the court makes a new contract for the parties which is not in writing but which is based upon oral evidence. In their briefs the respondents state that this is a question of first impression in so far as the appellate courts of this state are concerned, and in this statement the appellant agrees. Numerous authorities are cited by the respective parties from other jurisdictions bearing upon this question from which it appears that the courts of these jurisdictions are not in entire harmony in their decisions as to the power of the courts in this respect.

It will not be necessary for us to review these authorities for the reason that since the filing of the briefs of the parties hereto, this court has passed upon practically the identical question and has decided the same adversely to the contention of the respondents. We refer to the case of *Oatman* v. *Niemeyer*, 207 Cal. 424 [278 Pac. 1043]. In that case one Garrison had employed the plaintiff to care for him, nurse him, and keep house for him until his death, and in consideration thereof agreed to give to plaintiff all of his property, both real and personal. Plaintiff performed her part of said agreement, and a few weeks before his death

Garrison sent for a justice of the peace and directed him to prepare the necessary papers which would invest the plaintiff with all of his property. Thereupon the justice of the peace prepared a deed and the same was executed by Garrison and delivered to the plaintiff. Garrison died some two weeks thereafter and it was then discovered that although the deed purported to grant to plaintiff "all the certain lot, piece or parcel of land situate, lying and being in the city of Wheatland, county of Yuba, state of California, and bounded and particularly described as follows, to-wit:" no description of the property sought to be conveyed appeared in said deed. An action was brought by the plaintiff against the administrator of the estate of Garrison to reform said deed and to quiet plaintiff's title to a certain tract of land owned by Garrison and situated in said city of Wheatland, and being the only real property owned by him in said city. It was alleged in the complaint in said action, and the trial court so found, that it was the intention of Garrison to convey by said deed said tract of land, but by the mistake of the person who prepared it, the description of said land was omitted therefrom. The trial court by its judgment reformed the deed and quieted plaintiff's title to said real property. On appeal this court affirmed said judgment. The case was given most careful and thorough consideration by this court. In its decision in department it held that the deed was void and that the reformation thereof would amount to the making of a new contract and is, therefore, never granted. A petition for a hearing in bank was granted, and in our opinion, in which all members of the court were in accord, we held that the trial court properly admitted oral evidence of the contract and the description of the property and rightly granted reformation of the instrument and quieted the grantee's title to the property. We quote from the concluding paragraph of our opinion as follows:

"There can, of course, be no question but that the deed was void in law, that is, that it failed wholly as conveyance of property since no property was described. But the contention that, for that reason, it cannot be reformed fails to distinguish between a contract which is void for some fundamental reason and an instrument or writing which is void because of mistake in its preparation. If the contract itself

is void, as, for example, because it is immoral or because the parties have not agreed on all of its terms and there is, for that reason, no final contract or understanding between them, or because the contract lacks consideration, reformation is impossible, since there is no valid contract to reform. But this is entirely different from a case where there is a valid contract and the parties have endeavored to put it in writing, and have made a mistake in writing down its terms, or have endeavored in accordance with the contract to execute an instrument, such as a deed, for the purpose of carrying it out and, through mistake in the preparation of the instrument, the document fails, either wholly or partially, to accomplish such purpose. The instrument may be void in such a case because of the mistake, but there is still a valid contract; and the contract being valid, equity will reform the instrument to make it what it should be, and would have been except for the mistake. There is no making of a new contract in such a case. There is but the making of a new instrument, either to correctly express the contract or to carry it into effect.''

We think that case completely answers every argument advanced by the respondents in support of the action of the trial court in sustaining respondents' demurrers to appellant's amended complaint. It must be held to state the law of this state relative to the question of the power of the court to reform instruments like that involved in this action.

■ The further contention is made by the respondent Ahlborn that conceding the liability of Downs and wife to the appellant, he, Ahlborn, has not assumed any obligation to pay the appellant any commission. There is no merit, we think, in this contention. In the first place, Ahlborn signed the original contract which provided for the payment of a commission which, if reformed, as we have indicated it may be, would be an obligation of the plaintiff against the three defendants for the payment of a commission. Furthermore, in the second agreement, being the agreement of date June 1, 1926, as we have seen, Ahlborn agreed to pay any commission which might be claimed by any person ''because of the sale of the herein described property''. It is true that this agreement was not made with the plaintiff. It cannot be said, however, that it was not made for his benefit. If made for his benefit, although he was not

a party to the agreement, he may recover thereon. (*Sherwood & Sherwood* v. *Gill & Lutz*, 36 Cal. App. 707 [173 Pac. 171].) Reading the two contracts, that of April 13, 1926, and that of June 1, 1926, together, with certain allegations of the complaint, it appears that it was at Ahlborn's suggestion that the contract of June 1, 1926, was executed and substituted for the first contract. In this second contract, as we have seen, the purchase price of the property was reduced from $10,000 to $9,500. No agreement to pay a commission was made therein, but in lieu thereof was the provision, already referred to, wherein Ahlborn agreed to pay any commission which might be claimed by any person for making said sale. If these averments of the amended complaint should be sustained by competent evidence, we would have no hesitation in holding that a sufficient case had been made out against Ahlborn for the payment of said commission. The amended complaint, therefore, states facts sufficient to constitute a cause of action, not only against Downs and wife, but also against Ahlborn. The demurrers were, therefore, improperly sustained.

The judgment is reversed with directions to the trial court to overrule the demurrers to the amended complaint interposed by the defendants.

Preston, J., Seawell, J., Shenk, J., Richards, J., Langdon, J., and Waste, C. J., concurred.