[Civ. No. 17469.   First Dist., Div. One.   Dec. 13, 1957.]

BRUCE WATSON, Respondent, v. JAMES P. ACED et al., Appellants.

Wexler & Wexler and Louis E. Wexler for Appellants.

Ross, Ross, McGovern & McCloskey and P. N. McCloskey for Respondent.

McMURRAY, J. pro tem.*—This is an appeal by defendants from a jury verdict of $4,025 in favor of the plaintiff and respondent and from an order denying a motion for judgment notwithstanding the verdict. The complaint was filed on behalf of two separate plaintiffs, the first cause of

*Assigned by Chairman of Judicial Council.

action being the only one here under consideration as the parties plaintiff in the second cause of action have not appealed from a verdict adverse to them. The first cause of action resulted in a verdict in favor of the plaintiff Bruce Watson, individually, and dba Bruce Watson and Company. The allegations in that complaint were substantially as follows: That the plaintiff was at all times a real estate broker duly licensed in California, who had complied with sections 2466-2468 of the Civil Code of this state, and that plaintiff was employed as agent by defendants to sell certain of their real property and was also employed by George F. Fox and Virginia Fox as agent to sell certain of their real property; that after protracted negotiations plaintiff, through an employee, caused a written agreement for the exchange of the real property of each of his principals to be signed on July 2, 1954, by defendants and Mr. and Mrs. Fox. This agreement (hereafter called the "Exchange Agreement") is marked Exhibit A and is incorporated by reference into the complaint. It reads in part as follows: "Bruce Watson & Company is hereby authorized to act as [a]gent for the First party and the undersigned agrees to pay him a commission of $ Sep. Agreement when the acceptance hereto is properly signed." The first parties referred to are George F. and Virginia C. Fox. The complaint further alleged that defendants on the same date, July 2, 1954, agreed in writing to pay the plaintiff $2,175 as compensation for his services in connection with the sale of the real property to the Foxes. This agreement (herafter called the "Aced Agreement") was incorporated into the complaint by reference as Exhibit B. It read:

"AGREEMENT

"In consideration for services rendered by Bruce Watson & Co., agent in connection with the sale of Lots 13 and 14 in Block 8, North Redwood Tract, San Carlos, to George F. Fox, III, and wife, it is agreed that a commission of five (5) percent of $43,500.00 shall be payable to the above named agent.

"This commission which amounts to $2,175.00 shall be payable as follows: $1,000.00 payable to agent upon closing of this transaction and the remaining $1,175.00 payable to agent upon receipt of payment in full under AGREEMENT FOR SALE OF REAL ESTATE dated the 2nd day of July, 1954, between the undersigned and George S. Ross and wife." The com-

plaint further alleged that thereafter, on July 7, 1954, in consideration of plaintiff having arranged the exchange of the property covered by the Exchange Agreement, George and Virginia Fox agreed in writing to pay the plaintiff $1,850 as compensation. This agreement (hereafter called the "Fox Agreement") is incorporated into the complaint by reference as Exhibit C, and reads as follows: "This letter will confirm that, in consideration for your arranging the exchange of my property at 643 Fairway Circle, Hillsborough with James P. and Bertha B. Aced, I will pay you a fee of $1,850.00 upon closing of such exchange." The complaint further alleged that on or before September 30, 1954, George and Virginia Fox had complied with all the terms of the Exchange Agreement and were fully ready, able and willing and offered to execute all directions and do all acts necessary to complete the exchange; that the defendants, although able to complete the exchange on or before September 30, 1954, willfully, arbitrarily, capriciously, and without lawful reason or excuse refused to perform and complete the transaction; that as a result plaintiff was damaged in the amount of $4,025.

The defendants' demurrer, on the grounds that they were not parties to the Fox Agreement and that no obligation arose under the Exchange Agreement as the conditions therein set forth have not occurred, was overruled. Defendants then answered admitting the signing of the Exchange Agreement and the execution of the Aced Agreement, but alleging that the payment of any sums thereunder was conditioned upon the closing of the Exchange Agreement and receipt by the defendants of payment in full. The answer also denied the Fox Agreement on the ground of insufficient knowledge and information to form a belief, and denied that the Foxes complied with the terms of their agreement and denied that defendants had refused to perform. Damage was also denied. As affirmative defenses the answer also alleged that the complaint did not state facts sufficient to state a cause of action, and further that part of the claimed damage was barred by the statute of frauds (Cal. Civ. Code, § 1624, subd. 5) as the defendants were not parties to the Fox Agreement.

At the time of trial defendants again demurred and the demurrer was overruled. After plaintiff rested, the defendants' motion for directed verdict was made and denied. After the verdict defendants moved for judgment notwithstanding the verdict and for a new trial, both of which motions were denied. This appeal was taken on the clerk's transcript.

Since this matter is before this court on the clerk's transcript alone, it must be remembered that "On such an appeal since 'the evidence is not before this court, we are confined to a determination of the questions as to whether the complaint states a cause of action; whether the findings are within the issues; whether the judgment is supported by the findings and whether reversible error appears upon the face of the record.' (*Montaldo* v. *Hires Bottling Co.*, 59 Cal. App.2d 642, 646 [139 P.2d 666].)" (*Estate of Larson*, 92 Cal. App.2d 267, 268 [206 P.2d 852].) This being a jury trial, the review of the clerk's transcript is tantamount to a review after ruling upon general demurrer. Therefore, effect must be given to every allegation in the complaint and the demurrer must be overruled if the complaint states or if it raises reasonable inference that plaintiff has a cause of action against defendant upon any theory. The improper averment of damages or the items thereof is not a ground for general demurrer. (*Bracker* v. *American Nat. Food, Inc.*, 133 Cal.App.2d 338, 340 [284 P.2d 163].) It is, of course, the general rule that one may not sue upon a contract unless he is a party to that contract. This rule, however, is subject to the exception set forth in California Civil Code, section 1559: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." A reading of the Exchange Agreement here shows that respondent was to receive a commission under a separate agreement upon completion of the Exchange Agreement, although the amount of such commission is not set forth. The mention made in the contract was, however, sufficient to inform appellants that in the event of a breach of the Exchange Agreement the respondent would be damaged by loss of some commission under the Fox Agreement, and was sufficient to inform them of the existence of such an agreement. The fact that the Fox Agreement was not reduced to writing until several days after the Exchange Agreement does not affect its validity as between the parties to the Fox Agreement. The terms of the Fox Agreement are sufficient to satisfy the statute of frauds even though made after the signing of the Exchange Agreement. (*Cole* v. *Low*, 81 Cal.App. 633 [254 P. 676].)

In order to be a third party beneficiary under Civil Code, section 1559, it is not necessary that the party be specifically named as a beneficiary but only that the contract be made "expressly for the benefit of a third person" and

"expressly" simply means "in an express manner; in direct or unmistakable terms; explicitly; definitely; directly." (*Le Ballister* v. *Redwood Theatres, Inc.*, 1 Cal.App.2d 447, 448 [36 P.2d 827].) ▉ That a real estate broker may be such a beneficiary under an exchange agreement is established in the case of *Calhoun* v. *Downs*, 211 Cal. 766, where it is said at page 770 [297 P. 548], regarding a broker's right to recover commission although not named in an agreement for sale of real property: "It is true that this agreement was not made with the plaintiff. It cannot be said, however, that it was not made for his benefit. If made for his benefit, although he was not a party to the agreement, he may recover thereon." Appellants, throughout their briefs, attempt to separate the various agreements here under consideration. We feel, however, that all agreements should be read together in the light of the transaction covered by all of them.

The appellants urge that respondent is barred by the provisions of section 1624, subdivision 5, Civil Code of California, since there is no express employment of respondent by appellants. This contention is not tenable since the Aced Agreement fully satisfies that requirement as between appellants and respondent and the Fox Agreement satisfies the requirement as between respondent and the Foxes. The Aced Agreement, by its express terms, employed respondent as appellants' agent. The fact that appellants willfully, arbitrarily, capriciously and without lawful reason or excuse refused to perform and complete the transaction upon which the Aced Agreement was founded cannot excuse appellants from liability under the agreement with respondent, since where a party, by his sole, willful act, renders performance impossible, "In these circumstances, the defendants will not be allowed to take advantage of their own remissness to defeat plaintiff's recovery." (*Collins* v. *Vickter Manor, Inc.*, 47 Cal.2d 875, 881 [306 P.2d 783].) And in *Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367, at page 371 [210 P.2d 757], it is properly said, ▉ "A party to a contract cannot take advantage of his own act or omission to escape liability thereon. (17 C.J.S. § 468, p. 966; 12 Am.Jur. § 381, p. 957.) Where a party to a contract prevents the fulfillment of a condition precedent or its performance by the adverse party, he cannot rely on such condition to defeat his liability."

Appellants cite *Cochran* v. *Ellsworth*, 126 Cal.App.2d 429 [272 P.2d 904], to support their contention that since the broker saw fit to accept employment on certain contingencies,

he cannot complain of their nonoccurrence. That case, however, shows that both principals had rescinded their agreement before the suit was brought by the plaintiff-broker. This fact alone removed that transaction from the terms of Civil Code, section 1559, since that section expressly states that a contract may be enforced by a third party beneficiary "at any time before the parties thereto rescind it." Furthermore, the case of *Cochran* v. *Ellsworth* is not one wherein one principal was not ready, able and willing to perform. We do not feel that it is governing authority under the facts here presented. ■ The appellants' liability to respondent for the amount of the commission under the Fox Agreement is determined by the doctrine enunciated in *Coffman* v. *Crookshank*, 140 Cal.App. 192 [34 P.2d 1067]. That case is strikingly apposite. It appeared there that appellant-principal agreed directly to pay a certain commission to a broker and the other principal, one Rohrer, agreed to pay the broker $1,000 upon the completion of the exchange covered by the agreement. The plaintiff-broker recovered judgment for both commissions set forth in the exchange agreement. The defendant appealed insofar as the judgment for the commission agreed to be paid by Rohrer was concerned. The court said at pages 193-194: "The only question raised on appeal is whether or not said $1,000 was properly included in the judgment. Appellant's contention is that it could not be so included in the absence of a written agreement to pay it. Such contention would be good if the claim of plaintiff had been based on an agreement to pay Rohrer's commission, but such was not the case. The complaint is based on the damage caused by defendant in refusing to make said exchange. The evidence supports the conclusion that Rohrer was ready, willing and able to carry out his part of the agreement, but was prevented from so doing by appellant's refusal. The measure of damages in such case is the amount which will compensate 'for all the detriment proximately caused thereby,' whether considered as the breach of an obligation arising from contract (Civ. Code, § 3300) or a breach not so arising (Civ. Code, § 3333.) It hardly needs argument to support the proposition that under the evidence here the proximate damage caused by appellant's failure to complete his agreement of exchange with Rohrer was the commission Rohrer agreed to pay upon completion; and being familiar with the commission agreements connected therewith appellant must have known that if Rohrer was willing to complete his part

of the exchange and the appellant was not, such damage would necessarily result from his failure so to do. The case of *Traxler* v. *Katz*, 116 Cal.App. 226, 230 [2 P.2d 553], is on all fours with the present case, and a hearing thereof was refused by the Supreme Court.'' The mere fact that in the present case the terms of the Fox Agreement were not fully set out in the Exchange Agreement does not, in our opinion, detract from the rule there stated.

The judgment and order appealed from are affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied January 10, 1958, and appellants' petition for a hearing by the Supreme Court was denied February 5, 1958.