[Civ. No. 23591.   Second Dist., Div. Two.   July 24, 1959.]

DAVID LANE, Appellant, v. HARMON B. DAVIS et al., Respondents.

R. H. Aarons and Robert J. Johnston for Appellant.

Gepner & Fox and Philip N. Gepner for Respondents.

FOX, P. J.—Plaintiff appeals from a judgment of dismissal entered after defendants' demurrer to his second amended complaint, which seeks to recover a real estate brokerage commission, was sustained without leave to amend.

The defendants were owners of a certain theatre building in Pasadena. The plaintiff, a licensed real estate broker, was orally engaged to secure a purchaser for this property; if successful, he was to receive a 5 per cent commission. The oral agreement was entered into during December of 1955. Subsequently, through plaintiff's efforts, the Salvation Army Corporation became interested in the property. Thereafter, on August 23, 1956, the plaintiff and defendant H. B. Davis executed the following written agreement:

"Agreement of Commission.               August 23, 1956.

It is hereby mutually agreed upon by both of the undersigned that in the event of a sale of the Pasadena Theatre Building to the Salvation Army at any time within one year from date, that the agent herein will accept 2½% of the total selling price or the amount of ½ of the customary 5% commission; and in the event of a lease the same ruling will apply, ½ of the customary paid real estate commission.

David Lane
H. B. Davis."

The escrow instructions entered into by defendants and the buyer, the Salvation Army Corporation, provided that a full 5 per cent commission was to be paid through escrow, one-half of which was to be paid to Richard Davis and the other one-half to plaintiff. Richard Davis, who is defendant H. B. Davis' brother, was not a licensed real estate broker or salesman.

Plaintiff apparently has been paid a 2½ per cent commission and is seeking in this action to recover an additional 2½ per cent. His second amended complaint attempts to state two causes of action. The first is that he entered into the above written agreement providing for only a 2½ per cent commission as a result of the defendants' false and fraudulent representations that they were going to suffer a loss on the sale of the property. Plaintiff alleged in this regard ''That in truth and in fact said building had cost the defendants only $65,000 and at the time of the making of said agreement, the said defendants, without the knowledge of the plaintiff, had already sold the property to the said Salvation Army for the price of $135,000.00, and had in their possession an earnest money deposit in the amount of $10,000.00.''

In his second cause of action, plaintiff alleges that he is a third party beneficiary under the escrow instructions providing for payment of a brokerage commission; that the buyer intended to provide in said instructions that a full 5 per cent commission be paid to a broker and salesman; that Richard Davis had rendered no services and held no license and was in fact a ''nominee or dummy'' used by the defendants to avoid paying a full 5 per cent commission; and that buyers would not have consummated the agreement had they known of the defendants' scheme to defraud the plaintiff. Plaintiff prays for damages and for a reformation of the above agreements. A general demurrer to each cause of action alleged in the second amended complaint was sustained without leave to amend, following which a judgment was entered that plaintiff take nothing by his complaint. Plaintiff appeals from this judgment.

As to the first cause of action, the demurrer was properly sustained without leave to amend. The second amended complaint shows that the only agreement by which defendants promised to pay a 5 per cent commission to plaintiff was oral. Such an agreement is invalid and unenforceable. (Civ. Code, § 1624, subd. 5; *Augustine* v. *Trucco*, 124 Cal.App.2d 229, 237-238 [268 P.2d 780].) As to the

written instrument of August, 1956, the complaint alleges that it was executed *after* an agreement had been reached with and a deposit received from the purchaser. Under such circumstances, even granting the defendants made false and fraudulent representations to the plaintiff, it would have been impossible for plaintiff to have relied on such representations to his detriment for the obvious reason that he had already rendered his services in procuring a purchaser. Plaintiff suffered no injury as a result of the defendants' fraud for at the time the representations material to this action were made, plaintiff had no enforceable claim to any compensation relative to the sale of the defendants' property. It is axiomatic that a cause of action for fraud will not lie unless detriment has been occasioned by the alleged fraud. ▇ As stated in *Barron Estate Co.* v. *Woodruff Co.*, 163 Cal. 561, 571 [126 P. 351, 42 L.R.A. N.S. 125], "It is fundamental, of course, that no matter what the nature of the fraud or deceit, unless detriment has been occasioned thereby, plaintiff has no cause of action." (See also *Hill* v. *Wrather*, 158 Cal.App.2d 818, 824 [323 P.2d 567]; *Baker* v. *Littman*, 138 Cal.App.2d 510, 516 [292 P.2d 595]; *Abbot* v. *Stevens*, 133 Cal.App.2d 242, 247 [284 P.2d 159].) ▇ Therefore, as it affirmatively appears on the face of plaintiff's second amended complaint that he suffered no detriment in reliance upon defendants' misrepresentations, the sustaining of the demurrer without leave to amend the first cause of action must be affirmed. Any rights to compensation for managerial or related services rendered by plaintiff do not appear embraced within the terms of the August, 1956, agreement and therefore are not herein involved. Furthermore, counsel for plaintiff during oral argument made it clear that in this action plaintiff was not attempting to collect for any such services.

▇ If plaintiff's first cause of action be deemed one for reformation, it also fails to state sufficient facts. The only ground for reformation alleged or suggested by the averments is that of fraud. ▇ "The fraud which constitutes a ground for reformation consists of the representation that the writing is in conformity with the intended agreement, or that a writing to be made will be in conformity therewith." (2 Witkin, California Procedure, p. 1397.) ▇ The fraud alleged in the instant complaint went only to the inducement to enter into the contract and fraud of this character will not warrant reformation for the obvious reason that there is no common intention or understanding between the parties that

may be utilized as a standard to which the writing could be reformed. (See *Lemoge Electric* v. *County of San Mateo*, 46 Cal.2d 659, 663 [297 P.2d 638].) ■ As succinctly stated in Professor Williston's treatise on the law of contracts (5 Williston, Contracts, § 1525, pp. 4272-4273 (1937 ed.)), ". . . if the contract agreed upon is embodied in the writing, the fact that the agreement was induced by fraud is not ground for reformation." (See *Harding* v. *Robinson*, 175 Cal. 534, 541 [166 P. 808].)

■ With respect to plaintiff's second cause of action, wherein he is seeking to have the escrow instruction reformed to provide for the payment of a commission to him of 5 per cent rather than 2½ per cent, we are of the opinion that he failed to state a cause of action, but that he should have been given leave to amend.

■ A real estate broker may recover as a third party beneficiary of a contract between the buyer and seller of real property. (*Calhoun* v. *Downs*, 211 Cal. 766 [297 P. 548]; *Watson* v. *Aced*, 156 Cal.App.2d 87 [319 P.2d 83].) Such recovery is permitted although the third party is not named in the contract so long as the contract (or a portion thereof) was made expressly for his benefit. (*Calhoun* v. *Downs, supra*; *Watson* v. *Aced, supra*; *Shell* v. *Schmidt*, 126 Cal.App.2d 279 [272 P.2d 82].) ■ As stated in the *Shell* case, at page 290: "It is not required that the third party beneficiary be specifically named as a beneficiary. All that section 1559 [Civil Code] requires is that the contract be 'made expressly for the benefit of third parties,' and 'expressly' simply means 'in an express manner; in direct or unmistakable terms; explicitly; definitely; directly.' (Citation.) ■ Where the contract is for the benefit of a class any member or members of the intended class may enforce it." Defendants do not contend plaintiff was not the beneficiary of such a contract. No reason appears why the plaintiff, if he could maintain an action on the contract, may not have it reformed. "A third party beneficiary may maintain the action [for reformation] under proper circumstances. For example, a third party intended to be insured under a public liability policy covering the operation of motor trucks may maintain an action against the insurer, without joining the named insured, where the insured will not be affected in any manner by the decree of reformation. Or the action may be maintained by one claiming as beneficiary under an annuity policy after the death of the primary annuitant. And a real estate broker

may sue to reform a contract for the sale of real estate by inserting in blanks in the contract form his name and the amount of his commission.'' (42 Cal.Jur.2d, § 23, pp. 602-603.)

The allegations necessary to state a cause of action for reformation are outlined in *Johnson* v. *Sun Realty Co.*, 138 Cal.App. 296, 300 [32 P.2d 393], as follows: ''A complaint for the reformation of a contract should allege what the real agreement was, what the agreement as reduced to writing was, and where the writing fails to embody the real agreement. It is also necessary to aver facts showing how the mistake was made, whose mistake it was and what brought it about, so that mutuality may appear.'' (See also *Auerbach* v. *Healy*, 174 Cal. 60, 62 [161 P. 1157].) Plaintiff alleges in the instant pleading that ''the provision in the escrow instructions for the payment of a real estate commission was a third party beneficiary contract intended by the buyer . . . to be for the bona fide payment of a standard and customary commission to a licensed real estate broker or salesman. That . . . said agreement [escrow instructions] does not embody the true agreement between the defendants and the buyer with regard to the purchase of said premises and the payment of a real estate broker's commission.'' Plaintiff then alleges that the buyer ''would not have executed said escrow instructions nor consummated the agreement represented thereby'' if the buyer knew of defendants' scheme to defraud plaintiff of the customary commission and that ''the true agreement intended by said buyer was to pay a full and customary commission to the plaintiff. . . .''

From the foregoing, it is clear that the complaint does not state, either directly or by reasonable inference, what the defendants and the buyer orally agreed to, or if there was any actual understanding with respect to the payment of commissions which was mutually agreed upon but because of fraud was not expressed in the escrow instructions. ''The purpose of reformation is to correct a written instrument in order to effectuate a common intention of both parties which was incorrectly reduced to writing. (Citation.) In order for plaintiff to obtain this relief there must have been an understanding between the parties on all essential terms, otherwise there would be no standard to which the writing could be reformed. (Citations.) '' (*Lemoge Electric* v. *County of San Mateo*, 46 Cal.2d 659, 663 [297 P.2d 638].) Viewing the pleadings most favorably to the plaintiff, it is merely

alleged that (1) defendants acted fraudulently, (2) the escrow instructions do not embody the true agreement between the buyer and sellers, and (3) the buyer actually intended that plaintiff receive a full commission. It was not alleged that the defendants actually agreed with the buyer to pay plaintiff a 5 per cent commission or to pay a commission only to a licensed broker or salesman. The allegations contained in the complaint are insufficient to show what the real agreement was, either by direct allegation or by a general statement sufficiently comprehensive and complete to place in issue the substance of the necessary prior agreement. (*Johnson* v. *Sun Realty Co., supra.*)

We are of the view, however, that plaintiff should have been given leave to amend. An examination of the points and authorities in support of the demurrers interposed by the defendants disclose that defendants did not specifically question the sufficiency of plaintiff's second cause of action with respect to his failure to allege the prior agreement until the filing of the demurrer to the instant pleading, which was sustained without leave to amend. We are not, therefore, presented with a case where, after being informed of the omission of a necessary allegation the plaintiff amends his complaint yet again fails to include the previously omitted averment. Plaintiff, in his prayer, does state what the true agreement was. While it is true, of course, that a statement in the prayer cannot bolster an otherwise insufficient pleading, it certainly may be considered when determining the probability of the pleader being able to amend to state a cause of action. When so considered, it appears that plaintiff could have stated a cause of action by alleging in the body of his complaint that which was contained in his prayer. A demurrer should not be sustained without leave to amend where it appears probable that a cause of action can be stated. (See 2 Witkin, California Procedure, § 505, and cases cited therein.)

The judgment is affirmed as to the first cause of action; as to the second cause of action, the judgment is reversed; with directions to the trial court to grant plaintiff leave to amend.

Herndon, J., concurred.