Jean MORAN, Appellant,

v.

E. A. AUDETTE, Appellee.

No. 3772.

District of Columbia Court of Appeals.

Argued Dec. 6, 1965.

Decided March 14, 1966.

Rehearing Denied March 29, 1966.

David F. Smith, Washington, D. C., for appellant.

Seymour Friedman, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal is from a judgment in favor of appellee, a real estate broker, against appellant for commissions on leases between one Wheeler as landlord and appellant and her daughter as tenants. Appellant will hereafter be referred to as the tenant,

Wheeler as the landlord, and appellee as the broker. The broker sued as a third party beneficiary under the following agreement between the landlord and the tenant:

Dear Mrs. Moran:

Pursuant to our understanding with respect to your leases of the store and apartments located at 2913 M Street, N.W., you, the lessee, agree to pay all real estate commissions arising out of the negotiations and execution of the leases involving the first floor and basement of 2913 M Street, N.W. and the apartments which you and Beatrice Ross lease on the second and third floors, if any. Said real estate commissions shall be in addition to and not included in the rent therein reserved. If A. L. Wheeler, Trustee for Thomas Smith Wheeler, shall have to pay any commissions in connection with any of the above leases, you agree to reimburse him for all moneys, including attorneys' fees, expended.

Very truly yours,
Al Wheeler

ACCEPTED:
Jean Moran
Date: 27th Oct. 1960

■ Conceding that the third party beneficiary doctrine is applicable in this jurisdiction,[1] the tenant argues that her letter agreement with the landlord is not a proper contract for application of the third party beneficiary rule. She argues that the contract was not made for the benefit of the broker; that it was purely an indemnity agreement for the benefit of the landlord. Certainly the last sentence of the contract constituted an agreement to indemnify the landlord against claims for commissions; but. the contract must be read as a whole and it exacts from the tenant a promise "to pay all real estate commissions arising out of the negotiations * * *." Read as a whole, the contract discloses two agreements: (1) that the tenant would pay the commissions, and (2) that if the tenant did not pay them and the landlord was forced to pay, the tenant would reimburse or indemnify the landlord. There is nothing unusual about such a contract. In most, perhaps all, third party creditor beneficiary contracts, the promisee, although securing a promise to benefit his creditor, is primarily concerned with his own benefit in having his debt paid by the promisor.[2]

The absence in the contract of the name of the broker is not fatal to his claim. There was only one broker associated with the transaction; he was the only person, if any, entitled to commissions, and obviously he was the person intended to be directly benefited by the tenant's promise to pay.[3]

■ The "if any" phrase in the contract presents no problem. A conditional contract is valid if the condition is not controlled by the whim of the promisor, and this is no less true of third party beneficiary contracts.[4]

We conclude that the broker was a direct creditor beneficiary and was entitled to maintain the action.[5]

1. See Aetna Casualty & Surety Co. v. Kemp Smith Co., D.C.App., 208 A.2d 737 (1965).

2. 2 Williston, Contracts §§ 356A, 361 (3d ed. Jaeger 1959).

3. Restatement, Contracts § 139; 2 Williston, Contracts § 356 (3d ed. Jaeger 1959)..

4. Restatement, Contracts § 134; 2 Williston, Contracts § 364A (3d ed. Jaeger 1959).

5. Brokers have been allowed to sue as third party beneficiaries under contracts between the buyer and the seller. Lane v. Davis, 172 Cal.App.2d 302, 342 P.2d 267 (1959); Watson v. Aced, 156 Cal.App. 2d 87, 319 P.2d 83 (1957); Mitler v. Associated Contractors, Inc., 4 Wis.2d 568, 91 N.W.2d 367 (1958).

The tenant also claims that the broker failed to establish his right to commissions by proof that he was the procuring cause of the leases. There is no dispute that the landlord engaged the broker to find a tenant for the property, that the tenant first became interested in the property through the broker's sign, and that the negotiations commenced between the tenant and the broker. A lapse in the negotiations occurred. When negotiations were resumed they were directly between the landlord and tenant.[6] While a broker may not abandon negotiations and still claim a commission, neither may an owner take over negotiations and thereby defeat a broker's right to a commission.[7] The question whether the broker was the procuring cause was a factual one for jury determination.

Error is also charged in that the court instructed the jury that if it found for the broker, it should do so in the form of a five per cent commission. The tenant argues that the agreement made no mention of a five per cent commission and that there was no evidence that such commission was fair and reasonable. The landlord, a lawyer experienced in real estate matters, testified that his agreement with the broker provided for the "usual" five per cent commission. In the absence of testimony that five per cent was not usual or reasonable, the instruction to the jury was correct.

The tenant also claims the trial court did not adequately instruct the jury on the issue of consideration, or lack thereof, for the tenant's promise to pay the commission. We find no merit to this claim.

Affirmed.

6. Substantial alterations to the building had to be agreed upon before it would be serviceable as a restaurant for the tenant's purpose.

7. Hecht Co. v. Whiteford, 78 U.S.App.D.C. 134, 137 F.2d 929 (1943), cert. denied 320 U.S. 795, 64 S.Ct. 264, 88 L.Ed. 479; Lady v. Realty Associates, D.C.Mun.App., 31 A.2d 875 (1943).