Filed 1/16/14  City of Huntington Beach v. Lee CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CITY OF HUNTINGTON BEACH, | |
| Plaintiff and Appellant, | G046830 & G046977 |
| v. | (Super. Ct. Nos. 30-2008-00073768 & 30-2009-00329477) |
| SHON LEE et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Richard Habeck, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed with directions.

Jennifer McGrath, City Attorney, Scott F. Field, Assistant City Attorney and Jessica Latham, Staff Attorney, for Plaintiff and Appellant.

Shulman Bunn and Richard A. Bunn for Defendant and Respondent Shon Lee.

**INTRODUCTION**

The City of Huntington Beach (City) appeals from a judgment of dismissal entered in favor of respondent Shon Lee after the trial court sustained Lee's demurrer to the City's first amended complaint without leave to amend. Lee bought a unit in a low- and moderate-income condominium project in Huntington Beach that had sale restrictions as to the purchase price and the income of any buyer. In addition, the City was required to approve any sale. None of these conditions was met.

There was a problem, however, with the restrictions. Through an oversight, the legal description of the condominium property that included them was not recorded. Accordingly, the court refused to enforce the restrictions against Lee, citing certain statutory requirements for recording a legal description. Lee was dismissed from the City's suit.

We reverse. The City has stated a cause of action for reformation of the defective restrictions. There is no dispute that the legal description was omitted by mistake. The statutes mandating a legal description as a condition of enforceability of property restrictions do not preclude a court from reforming an instrument under the proper circumstances. The demurrer should have been overruled.

**FACTS[1]**

This lawsuit concerns the condominium development Brisas del Mar, formerly a 44-unit apartment complex. In January 1993, the owner, Delaware II, LLC (Delaware), petitioned the City to turn the building into condominiums. The City granted

---

[1] The facts are taken from the allegations of the first amended complaint, which, as we are reviewing a demurrer, are presumed to be true. (*Cellular Plus, Inc. v. Superior Court* (1993) 14 Cal.App.4th 1224, 1231.)

This case was originally consolidated with a similar lawsuit involving the City and another Brisas del Mar occupant, Marie Harrison. (Super. Ct. No. 30-2008-00073768) Harrison's liability to the City, to the extent she had any, has been discharged in bankruptcy, and the City's appeal regarding her has been dismissed.

permission to make the conversion, provided that Delaware record covenants, conditions and restrictions (CC&R's) on the land to make the units affordable as low- and moderate-income housing.

Delaware agreed and recorded the affordability CC&R's with the Orange County Recorder's office in September 1993. But there was a hitch. The CC&R's recited, "The Developer [Delaware] is fee owner of record of that certain real property (the "Site") located in the City of Huntington Beach, County of Orange, State of California legally described in the attached Exhibit 'A', and is the subject of a conditional use permit (C.U.P.), C.U.P. 92-42. [*Sic*.]" By an oversight, exhibit A, the legal description of the property, was not attached to the CC&R's and was therefore not recorded.

The CC&R's restricted the amount for which a condominium owner could sell a unit and allowed sales only to buyers qualified for low- or moderate-income housing. The City also had to approve each sale.

In 1999, Lee bought unit B-13 of the Brisas del Mar condominium project, a moderate-income unit, from its original owners. The sale was not submitted to the City for approval, and Lee paid more for the unit than the CC&R's permitted. Lee had also not qualified as a moderate-income household.

The City notified Lee by letter that he was in violation of the affordable housing covenants in March 2005. It sent him a similar letter in March 2008.[2]

In December 2009, the City filed suit against Lee, the original owners, and the financing bank. The first amended complaint included two causes of action for reformation, one based on mistake of fact and the other on mistake of law.

---

2    The City alleged that it sent the second letter to "the Carters," who are not otherwise identified in the pleading. "The Carters" were again alleged to have been sent the 2008 letter in the first amended complaint. The letter attached as an exhibit to both versions of the complaint is addressed to Lee.

3

Lee demurred to the first amended complaint. The court sustained the demurrer without leave to amend, on the grounds that the City's failure to comply with Government Code section 27281.5 rendered the CC&R's, which lacked a legal description of the property, unenforceable.[3] The court also referred to Civil Code section 1353, part of the Davis-Stirling Common Interest Development Act, which specifically requires a "legal description" of the property as part of the declaration that must be recorded to create a condominium project.[4]

## DISCUSSION

"In reviewing a judgment of dismissal after a demurrer is sustained without leave to amend, we must assume the truth of all facts properly pleaded by the plaintiff-appellant. Regardless of the label attached to the cause of action, we must examine a complaint's factual allegations to determine whether they state a cause of action on any available legal theory. . . . [¶] We will not, however, assume the truth of contentions, deductions, or conclusion of fact or law and may disregard allegations that are contrary to the law or to a fact which may be judicially noticed." (*Daily Journal Corp. v. County of Los Angeles* (2009) 172 Cal.App.4th 1550, 1554-1555.)

---

[3] Government Code section 27281.5 provides in pertinent part: "(a) Any restriction imposed upon real property on or after January 1, 1982, which restricts either the ability of the owner of real property to convey the real property or the owner of a proprietary leasehold interest to convey such interest and which is imposed by a municipal or governmental entity on real property or a proprietary leasehold interest which is not owned by the municipal or governmental entity, shall be specifically set forth in a recorded document which particularly describes the real property restricted in order to impart constructive notice of the restriction, or shall be referenced in a recorded document which particularly describes the real property restricted and which refers by page and book number to a separately recorded document in which the restriction is set forth in full.

"(b) Any restriction on the ability of a person to convey real property which is subject to subdivision (a) shall be valid and enforceable only when the requirements contained in subdivision (a) have been met."

[4] Government Code section 27281.5 requires only that the recorded document "particularly describe[]" the property.

4

The facts in this case support reformation of an instrument under Civil Code section 3399.[5] No one disputes that the legal description of the Brisas del Mar condominium project, exhibit A, was supposed to be recorded with the CC&R's and that it was omitted by mistake. The court apparently believed that Government Code section 27281.5 precluded it from rectifying this mistake because of the language of subdivision (b), which states that any restriction "shall be valid and enforceable only when the requirements contained in subdivision (a) have been met." In other words, the court felt the CC&R's are invalid and unenforceable without the legal description, and it was powerless to fix this omission.

The law in California is to the contrary. In *Oatman v. Niemeyer* (1929) 207 Cal. 424 (*Oatman*), the California Supreme Court tackled the identical problem in connection with a bequest. The plaintiff had cared for an elderly man with the understanding that she would get his property when he died. Shortly before his death, he had a deed prepared purportedly transferring the property to the plaintiff. The deed was void, however, because it failed to include a legal description of the property. (*Id.* at pp. 425-426.) The trial court reformed the deed to include the intended property description, and the executor of the man's estate appealed, arguing that a deed without a legal description was void and unenforceable. The court stated: "There can, of course, be no question but that the deed was void in law, that is, that it failed wholly as a conveyance of property since no property was described. But the contention that, for that reason, it cannot be reformed fails to distinguish between a contract which is void for some fundamental reason and an instrument or writing which is void because of mistake in its preparation. If the contract itself is void, as, for example, because it is immoral or

---

[5]     Civil Code section 3399 provides, "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised, on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value."

because the parties have not agreed on all of its terms and there is, for that reason, no final contract or understanding between them, or because the contract lacks consideration, reformation is impossible, since there is no valid contract to reform. But this is entirely different from a case where there is a valid contract and the parties have endeavored to put it in writing, and have made a mistake in writing down its terms, or have endeavored in accordance with the contract to execute an instrument, such as a deed, for the purpose of carrying it out and, through mistake in the preparation of the instrument, the document fails, either wholly or partially, to accomplish such purpose. The instrument may be void in such a case because of the mistake, but there is still a valid contract; and the contract being valid, equity will reform the instrument to make it what it should be, and would have been except for the mistake. There is no making of a new contract in such a case. There is but the making of a new instrument, either to correctly express the contract or to carry it into effect." (*Id.* at pp. 426-427.)

Similarly, in *Calhoun v. Downs* (1931) 211 Cal. 766 (*Calhoun*), decided shortly after *Oatman*, the California Supreme Court again held that the existence of a voiding statute does not preclude reformation. In this case, a written contract for the sale of real estate omitted both the amount of the broker's commission and his name. The broker sued to have the contract reformed to include these items, but the trial court refused, on the ground that "a contract to pay a real estate commission, being one which is required under the statute of frauds to be in writing, if it fails to contain all the essential elements of such a contract, cannot be reformed so as to include any of the elements omitted therefrom . . . ." (*Id.* at p. 768.) The trial court sustained the defendants' demurrer without leave to amend (*id.* at p. 766), and the Supreme Court reversed. As it had in *Oatman*, the court found that the existence of a statute rendering a contract invalid unless it conformed to certain criteria, in this case the statute of frauds, Civil Code

6

section 1624, subdivision (a)(4), did not bar a court from exercising its equitable powers to reform an instrument when the conditions for reformation were present.

This case fits the pattern of both *Oatman* and *Calhoun*.[6] Under Government Code section 27281.5, the Brisas del Mar CC&R's are unenforceable because they do not "particularly describe[] the real property restricted in order to impart constructive notice of the restriction" and are not "referenced in a recorded document which particularly describes the real property restricted and which refers by page and book number to a separately recorded document in which the restriction is set forth in full." It is clear, however, that Delaware intended the CC&R's to include a particular description of the real property and that the necessary exhibit was omitted by mistake. This is the classic recipe for reformation.[7]

The case for refusing to reform the CC&R's under Civil Code 1353 is even more attenuated. Civil Code section 1353 describes what a "declaration," as defined in the Davis-Stirling Common Interest Development Act, must contain. The section includes no language denying validity and enforceability to declarations not conforming to the statute comparable to that found in Government Code section 27281.5. Under both *Oatman* and *Calhoun*, the court may reform the CC&R's to rectify the mistake made when the legal description was omitted.

We wish to emphasize the limited nature of our decision. We hold only that neither Government Code section 27281.5 nor the Davis-Stirling Common Interest

---

[6]     Both of these venerable cases are still good law. (See 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, §§ 280, 355, 356, pp. 310, 403-404.)

[7]     We have examined the legislative history of Government Code section 27281.5, and nothing in it suggests the Legislature intended to override the courts' longstanding equitable power to reform defective instruments. The measure was intended primarily to benefit title insurance companies. Before the law was enacted, local governments were not required to record restrictions such as those found in low- and moderate-income housing developments, so they would not show up in title searches. Title insurers became liable when it turned out that these properties were in fact restricted in the amount for which they could be sold and the kinds of buyers who could acquire them. (Assem. Bill No. 663 (1981-1982 Reg. Sess.) as introduced Feb. 25, 1981.)

7

Development Act bars the City from stating a cause of action for reformation based on mistake. We express no opinion as to whether the City can prevail on this cause of action or on any other causes of action of the first amended complaint. That determination awaits an evidentiary showing.

## DISPOSITION

The judgment is reversed. The court is directed to enter an order overruling the demurrer to the first amended complaint as to respondent Lee. The City is to recover its costs on appeal.


BEDSWORTH, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


MOORE, J.