[Civ. No. 14662.   Second Dist., Div. Three.   May 4, 1945.]

BATES BOOTH, as Administrator, etc., Appellant, v. COUNTY OF LOS ANGELES et al., Respondents.

Don Marlin, Freston & Files and Charles A. Loring for Appellant.

J. H. O'Connor, County Counsel, S. V. O. Prichard, Assistant County Counsel, and A. Curtis Smith, Deputy County Counsel, for Respondents.

SHINN, J.—This case is before the court upon a second appeal, a judgment in favor of plaintiff's intestate, Gaylord F. Lloyd, having been reversed in *Lloyd* v. *County of Los Angeles* (1940), 41 Cal.App.2d 808 [107 P.2d 622]. Reference is made to the reported opinion for a further statement

of the points involved and those decided on that appeal. After the remittitur was filed plaintiff caused service to be made upon the county treasurer, county auditor and county clerk, as defendants sued under fictitious names. The action was dismissed as to all of the defendants, including the county, upon their several motions, and plaintiff appeals. The motion of the officer defendants was made upon the ground that summons had not been served upon them within three years after the commencement of the action. Although the appeal is from the judgment as a whole, appellant does not urge a reversal as to the county officers. The ground stated in the motion of the county was that no judgment could be rendered in the action consistent with the decision upon the former appeal except a judgment of dismissal. The judgment of dismissal did not specify the ground upon which it was rendered and the county now makes the additional point that a dismissal was mandatory for failure to bring the action to trial. It is a fact that more than three years had elapsed between the filing of the remittitur on the former appeal and the judgment of dismissal herein, and that no proceeding had been taken in the meantime to bring the action to trial as required by section 583 of the Code of Civil Procedure. New counsel have recently entered the case and they were first advised that this additional ground for dismissal was involved on the appeal when the point was raised in respondent's brief. In their reply brief they contend that the action was not subject to dismissal under section 583. Their position is that under a proper construction of the opinion upon the former appeal there was nothing for the trial court to do but strike out the provisions of the judgment which ran against the county auditor and county clerk and allow it to stand as a judgment against the county; that no further trial was necessary and that section 583 therefore does not apply to the case. Unless this position is sustainable the judgment must be affirmed.

The litigation has the following history: Gaylord F. Lloyd recovered a judgment against Caddo Company in the sum of $15,000 on October 5, 1933; the Caddo Company recovered judgment against the county of Los Angeles, February 9, 1934, for $5,368.33 for a refund of taxes. On February 9, 1934, pursuant to section 710 of the Code of Civil Procedure, Lloyd served upon the county auditor an abstract of the judgment against Caddo Company. The county recovered a judg-

ment against Caddo Company for delinquent taxes on December 20, 1934, in the amount of $2,553.89. It also made levies against Caddo Company for unsecured personal property taxes in the total amount of $7,700.07 and brought suit to recover the same. On February 19, 1934, Hughes Industries, a corporation, filed with the county auditor a notice that it was the owner of the judgment of Caddo Company against the county by virtue of a previous assignment of the latter's claim against the county, and demand was made for the payment of the amount of the judgment to Hughes Industries. On May 14, 1934, Lloyd brought suit against the county, Caddo Company, Hughes Industries, and numerous fictitious defendants, seeking judgment that he was entitled to collect and receive the amount of the judgment of the Caddo Company against the county. The several defendants answered and the county filed counterclaims setting forth its judgment against Caddo Company in the amount of $2,553.89, and its further claim for taxes in the amount of $7,700.07, and it prayed for judgment that $2,553.89 be applied in satisfaction of its said judgment and that the balance of the fund be held to apply upon its claim in the action then untried for the recovery of additional taxes in the amount of $7,700.07. The case was tried upon stipulated facts and judgment was rendered declaring that Lloyd was entitled to receive the amount of the judgment recovered by the Caddo Company, restraining the defendants from claiming any interest in the same, and directing the auditor to pay the same to the clerk and directing the clerk to pay the amount to plaintiff Lloyd. Among the facts stipulated were those alleged in the counterclaims of the county, and the effect of the judgment was to deny the county the asserted right of offset. The judgment ran against the auditor and the clerk, although they had not been named as defendants or served, as well as against the county. The county appealed and the judgment was reversed upon the ground that the action had been brought against the wrong parties, and that the auditor and treasurer, and perhaps the clerk, were necessary parties. It was held that the action could not be maintained against the county alone, and the county insists that the opinion should be construed as holding that it was not even a proper party. But that was not the only question presented by the appeal. The county contended that the trial court had erroneously refused to allow its counterclaims as an offset against the Caddo Com-

pany judgment. Upon this point it was said in the opinion (p. 812): "The defendant complains because the trial court did not allow its counterclaims. . . . Until proper parties are before the court it would be mere *obiter* to discuss the right to file counterclaims." The judgment was reversed and the action was remanded for further proceedings "not inconsistent with what has been said above." The remittitur was filed February 13, 1941. Nearly three years later the county treasurer, county auditor and county clerk were served with summons; on February 3, 1944, they gave notice of motion to dismiss the action, the county gave its notice on the same day, and the judgment of dismissal was signed and filed February 18, 1944, three years and five days after the filing of the remittitur of the District Court of Appeal.

The concluding sentence of section 583 of the Code of Civil Procedure reads as follows: "When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial, . . . the action must be dismissed by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court."

█ The parties hold sharply opposing views as to what was decided upon the former appeal with respect to plaintiff's right to sue the county. But whether we should agree with one construction or the other we would be obliged to affirm the judgment. If it was decided on the appeal that the county was not a proper party defendant, then the only action which the trial court could have taken in conformity with that decision would have been to dismiss the action as to the county, and the judgment would have to be affirmed upon that ground. █ But if the decision should be construed as holding, as plaintiff contends, that the county was a proper party, but that the county officers must also be sued, the judgment must be affirmed upon the ground that a retrial would have been necessary in order to dispose of the county's counterclaims. The action was remanded for further proceedings, which would necessarily have involved an adjudication as to the validity of the counterclaims. We do not see how the case could have been disposed of without a retrial of that issue. The allegations of the counterclaims were deemed to be denied. No judgment could have been rendered which

allowed the claimed offsets until the facts alleged had been established by proof. No judgment could have been rendered against the county without determining whether it had a legal right of setoff. A form of trial was necessary even though the facts had been settled by stipulation for purposes of trial.

In *Tregambo* v. *Comanche M. & M. Co.* (1881), 57 Cal. 501, the word "trial" as used in the code was defined as follows (p. 505): "A trial is the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause for the purpose of determining such issue. When a court hears and determines any issue of fact or of law for the purpose of determining the rights of the parties, it may be considered a trial." The courts have frequently approved this definition. It includes trials which involve only questions of law. (*Goldtree* v. *Spreckels* (1902), 135 Cal. 666 [67 P. 1091] ; *Provencher* v. *City of Los Angeles* (1935), 10 Cal.App.2d 730 [52 P.2d 983].) It is the determination of an issue of fact or law presented by the pleadings. (*City of Pasadena* v. *Superior Court* (1931), 212 Cal. 309 [298 P. 968].)

The case is one that could not have been disposed of except by the trial of an issue of fact, and an issue of law, as well, and it was subject to dismissal under section 583. When three years had elapsed after the filing of the remittitur and the action had not been brought to trial, the court was without jurisdiction to proceed further except by ordering a dismissal. (*Gonsalves* v. *Bank of America* (1940), 16 Cal.2d 169 [105 P. 2d 118].)

Although the county's motion was not made upon the ground that the action had not been brought to trial, nevertheless section 583 made it the duty of the court to dismiss the action under the circumstances and, nothing being shown to the contrary, it will be presumed that the court acted in the performance of that duty. It is unnecessary to decide whether a dismissal was required also under the law of the case, as established on the former appeal.

The judgment is affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.