[Civ. No. 14431. First Dist., Div. Two. Aug. 31, 1950.]

JULIUS NEUSTADT, Appellant, v. JOSEPH SKERNS-WELL, Respondent.

Joseph A. Brown for Appellant.

Marcel E. Cerf, Robinson & Leland for Respondent.

NOURSE, P. J.—In an action to establish a trust in real property plaintiff had an interlocutory decree from which defendant appealed. Division One of this court reversed the judgment with directions to sustain the demurrer to the complaint with leave to amend. The remittitur went down July 31, 1945. There followed an amended complaint, a demurrer thereto and motion to strike. The demurrer was sustained and the motion to strike was granted. A second amended complaint was filed and the demurrer thereto was sustained. A demurrer to a third amended complaint was overruled and, on September 30, 1947, defendant filed an answer and cross-complaint. On November 12, 1947, plaintiff's demurrer to the cross-complaint was overruled and his motion to strike was denied. Plaintiff's answer to the cross-complaint was filed January 15, 1948. The pleadings then having been settled the cause was ready for trial as of that date.

On June 2, 1948, plaintiff filed a notice of motion to set the cause for trial. The motion came on the calendar August 11, 1948, but was dropped because plaintiff failed to appear. One year later—August 9, 1949, pursuant to notice given June 2, 1949, plaintiff had the cause set for trial for September 30, 1949. Thereupon defendant moved to dismiss the proceedings because trial was not had within three years of the filing of the remittitur with the county clerk on reversal of the judgment on appeal. This motion was made and granted pursuant to the provisions of section 583 of the Code of Civil Procedure reading (in part) : "When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court, on

motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court.'' The appeal here is from such an order.

The code section is clear and unambiguous and hence is not open to ''judicial interpretation.'' That it is mandatory under the circumstances noted has been held on numerous occasions. See *Rosefield Packing Co.* v. *Superior Court*, 4 Cal. 2d 120, 122 [47 P.2d 716] ; *Breakstone* v. *Giannini*, 70 Cal.App. 2d 224, 229 [160 P.2d 887].

■ The only debatable question raised on the appeal is whether respondent is estopped by his conduct to raise the bar of the statute. Appellant's counsel filed a lengthy affidavit in the superior court reciting conversations with one of the attorneys for respondent from which he argues that the long delay was agreed to. The respondent's counsel filed a similar affidavit categorically denying all these statements of fact. In denying appellant's plea for relief on this ground we must assume that the trial court accepted as true the facts as stated by respondent. *Lieb* v. *Lager*, 9 Cal.App.2d 324, 326 [49 P.2d 886]. ■ It should be noted however that the portion of section 583 applicable here does not incorporate the exception found in the other portions of the section excusing the delay when a written stipulation extending time has been made. Cases holding that the ''written'' stipulation might be excused under certain exceptional circumstances have no application to the last sentence of the section which is applicable here and which admits of no stipulation written or oral.

Order affirmed.

Goodell, J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 26, 1950.