[Civ. No. 9671.   Third Dist.   Oct. 30, 1959.]

PARASCHIVA VULCAN VLADU et al., Appellants, **v.** STATE OF CALIFORNIA, Respondent.

Garry, Dreyfus, McTernan & Keller and Francis J. McTernan for Appellants.

Stanley Mosk, Attorney General, and William J. Powers, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—This is an appeal from an order dismissing a proceeding brought by appellants to recover escheated funds.

Appellants claim to be the heirs at law of one Theodor Vulcan, who died intestate March 28, 1948, in Alameda County. Because no heirs appeared to claim the estate during probate, it was ordered distributed to the State of California, pursuant to section 1027 of the Probate Code. Petitioners are residents and citizens of Roumania, and commenced the proceeding to recover the escheated funds pursuant to section 1353 of the Code of Civil Procedure. Their petition was filed February 11, 1953, and after various intermediate proceedings in the cause, the answer of the state was filed, putting in issue generally the allegations of the petition. More than five years having elapsed since the proceeding was begun without its having been brought to trial, the state moved to dismiss the same under the provisions of section 583 of the Code of Civil Procedure. The motion was granted and the proceeding ordered dismissed. This appeal followed.

The sole issue raised is the applicability of section 583 of the Code of Civil Procedure, it being the contention of appellants that the section is not applicable and, therefore, that the dismissal was unauthorized.

Appellants argue as follows: Proceedings to recover escheated estates are provided for in section 1353 of the Code of Civil Procedure which is found in part 3 of the code, entitled: ''Of Special Proceedings of a Civil Nature''; this type of proceeding is to be distinguished from an action; an action is a proceeding ''by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense'' (Code Civ. Proc., § 22); ''every other remedy is a special proceeding (Code Civ. Proc., § 23); the remedy sought here is other than that defined as an ''action'' and must therefore necessarily be a ''special proceeding''; since there is nothing criminal about this proceeding it is, therefore, a special proceeding of a civil nature; section 583 of the Code of Civil Procedure provides, so far as here pertinent ''. . . any action . . . shall be dismissed . . .''; since section 583 by its terms relates to actions, and since this is not an action, but a special proceeding, the section has no application and the order of the court was unauthorized.

Respondent, making no contention that a proceeding brought

for the recovery of escheated property is an ordinary civil action, insists section 583 is applicable for the following reasons: The proceeding was brought pursuant to section 1353 of the Code of Civil Procedure, which provides *inter alia* that when the petition for recovery has been filed "the same proceedings shall be had as are required in Section 1355"; that section in turn provides for the filing of an answer by the state if the state resists the claim; when as here the state does resist the claim and files its answer putting the asserted rights of petitioners in issue it is apparent that the petition and the answer stand as the pleadings just as do the complaint and answer in an ordinary action; section 1355 expressly requires that the court must try the issues "*as issues are tried in civil actions*"; therefore, these provisions place the proceeding for all purposes of trial within the code provisions governing the trial of ordinary actions and brings into play section 583 concerning dismissals for failure to prosecute.

We agree with the contentions of respondent. ■ ". . . [T]he superior court, without the aid of statutory authority, has power to dismiss an action because of the failure of the plaintiff to prosecute it with reasonable diligence. The doctrine is based upon the theory that courts of general jurisdiction possess this power." (*Romero* v. *Snyder,* 167 Cal. 216, 217-218 [138 P. 1002].) Section 583 affected the exercise of this power by fixing: "1. A minimum period within which mere delay is not to be deemed sufficient cause; 2. An immediately ensuing interval of three years, during which the court, in its discretion, may adjudge it sufficient; and, 3. A maximum period of five years, upon the expiration of which, the delay is declared to be sufficient as a matter of law and the dismissal is made mandatory." (*Romero* v. *Snyder, supra,* p. 219; *Hibernia Sav. & Loan Soc.* v. *Lauffer,* 41 Cal.App.2d 725, 729 [107 P.2d 494].) ■ We see no good reason why section 583 should not apply to special proceedings if they are adversary in nature and require the trial of issues. In such cases the superior court ought to have, and in proper cases ought to exercise, its inherent power to control the dispatch of business by invoking sanctions against undue delay. ■ We think that the Legislature, by declaring that issues joined in the special proceeding here involved should be tried as issues are tried in civil actions, intended that the provisions of section 583 of the Code of Civil Procedure should apply. In this connection it ought to be stated that the trial

court did not purport to dismiss for want of prosecution under its general powers and did not purport to pass upon the sufficiency of the excuses tendered for the delay. On the contrary, it placed its order of dismissal squarely upon the mandatory provisions of section 583. Nevertheless, it is our view that it was authorized to do this.

Accordingly, the order appealed from is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.