[Civ. No. 18494.   First Dist., Div. One.   Feb. 25, 1960.]

IRENE McDONNELL et al., Appellants, v. AMERICAN TRUST COMPANY, as Executor, etc., Respondent.

Arthur D. Klang and Albert E. Polonsky for Appellants.

Weinstock, Anderson, Maloney & Chase for Respondent.

TOBRINER, J.—Appellants appeal from a judgment of dismissal rendered under Code of Civil Procedure, section 583, by reason of their failure to proceed to trial within three years after filing of the remittitur upon a previous appeal. They urge that since the delay occurred because of the time involved in procuring the testimony of a material witness the court should have exercised its discretion to extend the period of limitation but improperly failed to do so here. We cannot conclude that the absolute limitation is modified by such an undertaking, and, in any event, assuming the issue to be discretionary, we find no showing of the failure to exercise proper discretion in this instance.

Since in a case of time limitation the calendar of events becomes crucial, we set it forth in some detail.

*December 26, 1952.* Appellants filed their original complaint for damages for personal injuries caused by a slipping on a wet floor due to a leak from the defective roof of the leased premises.

*July 20, 1953.* The trial court entered judgment for respondent Hanna M. Vitenson. Pending appeal from this judgment respondent Vitenson died, and American Trust Company was substituted as her executor. (130 Cal.App.2d 299, footnote 2.)

*January 21, 1955.* This court reversed the judgment. (*McDonell v. American Trust Co.* (1955), 130 Cal.App.2d 296, 297 [279 P.2d 138].)

*March 24, 1955.* The remittitur from this court was filed in the trial court.

*October 10, 1955.* Appellants filed their third amended complaint.

*November 30, 1955.* Appellants filed a memorandum to set the case for trial. The next day respondent demanded a jury trial.

*March 11, 1957.* The case came up for pretrial, but the court removed it from the calendar upon respondent's request that it be allowed to make certain motions in the Law and Motion Department which it never made.

*June 20, 1957.* The case again came up for pretrial. No depositions had theretofore been taken. The next day the pretrial judge ordered that "[a]ny depositions to be taken must be completed by August 1, 1957 . . . [and] . . . the case be set for trial in the department of the Presiding Judge on July 15, 1957. . . ." The presiding judge subsequently set the trial date as August 19, 1957.

*August 8, 1957.* Appellants filed their motion for a continuance upon the grounds that Mrs. X. Sturmer, "managing agent for Hanna M. Vitenson, deceased, . . . is no longer residing . . . [in] Berkeley, California," and that "it would be dangerous for . . . [appellants] to proceed to trial in said action without the testimony of said witness. . . ." Mrs. Sturmer had managed the Vitenson property in Berkeley until September of 1954.

*August 14, 1957.* Appellants moved that Mrs. Sturmer's deposition, on written interrogatories, be taken at her residence in Kodiak, Alaska.

*August 20, 1957.* Appellants filed "Affidavit to Take Deposition on Oral Examination."

*October 16, 1957.* Respondent filed its cross-interrogatories; the superior court on December 4, 1957, issued a commission to take the deposition.

*March 21, 1958.* Mrs. X. Sturmer's deposition was taken and the answers to the interrogatories filed with the clerk of the superior court on March 24, 1958.

*April 17, 1958.* Respondent filed its motion to dismiss under Code of Civil Procedure, section 583; the matter was heard on April 28, 1958.

As we shall point out, the courts have held that dismissal under Code of Civil Procedure, section 583, becomes mandatory upon failure to bring the case to trial within three years of the filing of the remittitur. While it is true that the courts have ameliorated the corollary provision in section 583 requir-

ing dismissal of actions not brought to trial within five years of the date of filing, extending that time for such periods as have been consumed by ancillary but necessary proceedings, by estoppel, or by statutory exceptions, the courts have never done so upon the plea of the tardy litigant that he needed the extra time to obtain the testimony of a material witness.

Three appellate courts have ruled upon the pertinent portion of section 583, Code of Civil Procedure, providing: "When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial . . . the action must be dismissed by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed. . . ." Not one of these decisions support appellants' argument that the trial court must apply its discretion to temper the rigidity of the rule.

The first of these three cases, *Booth* v. *County of Los Angeles* (1945), 69 Cal.App.2d 104 [158 P.2d 401], involved the argument that the court should not have rendered a judgment of dismissal for failure to proceed to trial within three years of the filing of the remittitur because "no further trial was necessary" (p. 105) and no more remained for the superior court to do than enter a dismissal in accordance with the appellate decision. The appellate court, however, concurred in respondent county's contention that a retrial was "necessary in order to dispose of the county's counterclaims" (p. 107) and in affirming the dismissal under Code of Civil Procedure, section 583, stated, "When three years had elapsed after the filing of the remittitur and the action had not been brought to trial, the court was without jurisdiction to proceed further except by ordering a dismissal" (p. 108).

In the second case adjudicating this issue, *Neustadt* v. *Skernswell* (1950), 99 Cal.App.2d 293 [221 P.2d 694] (petition for hearing denied by Supreme Court), the case came up for trial during the three year period, appellant failed to appear, and the case was dropped from the calendar. In affirming the dismissal, the court said, "The code section is clear and unambiguous and hence not open to 'judicial interpretation.' That it is mandatory under the circumstances noted has been held on numerous occasions." (P. 295.) Pointing out that the "only debatable question" concerned a possible estoppel emanating from agreement of opposing counsel to the "long delay" (p. 295), the appellate court held that the superior court found no such estoppel. In our case appellant

makes no defense as to an agreement; this "debatable question" does not arise.

*Legg* v. *United Benefit Life Ins. Co.* (1955), 136 Cal.App. 2d 894 [289 P.2d 553] (petition for hearing denied by Supreme Court), the third case passing upon this issue, rejected as "obviously not sound" (p. 896) the plaintiff's argument that her amended and supplemental complaints, filed after the remittitur, fell under the five rather than three year limitation of section 583, saying, "It will be noted that the portion of section 583 which is here applicable does not incorporate any of the exceptions found in the earlier portions of the section excusing delay in bringing an action to trial. The language used in the last sentence of section 583 is mandatory —the action *must* be dismissed—and there are no exceptions."

If we find, then, unanimity of the district courts of appeal in the application of the absolute bar of the three year section, we likewise learn that no decision under the comparable five year provision extends the limitation because of the late production of the testimony of a necessary witness. Though this provision, too, is mandatory, and even enforceable by extraordinary writs (*Miller & Lux Inc.* v. *Superior Court* (1923), 192 Cal. 333 [219 P. 1006]; *Larkin* v. *Superior Court* (1916) 171 Cal. 719 [154 P. 841, Ann.Cas. 1917D 670]; *Anderson* v. *Superior Court* (1921), 187 Cal. 95, 98 [200 P. 963]), the courts have nevertheless excepted from it situations which have rendered trial impracticable or futile.

These decisions, however, involve: (1) periods of time consumed by other proceedings emanating out of or directly concerned with the matter at trial, so that the delay occurred in the very operation of the judicial process, such as reference to the Division of Water Resources of the Department of Public Works "for a determination of the facts" in *City of Pasadena* v. *City of Alhambra* (1949), 33 Cal.2d 908, 916 [207 P.2d 17]; or intervening appeal from an order for change of venue in *Christin* v. *Superior Court* (1937), 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; or prosecution of another action to reversal, since the trial court there had cancelled certificate of sale to property for which plaintiff was attempting to quiet title, in *Rose* v. *Knapp* (1951), 38 Cal.2d 114 [237 P.2d 981] or decision of quiet title suit to land as to which plaintiff claimed damages because of wrongful quarrying and excavation in *Vecki* v. *Sorensen* (1959), 171 Cal.App.2d 390 [340 P.2d 1020]; or (2) extensions due to application of a statute, such as delay caused by the military service of defendant when a

"stay would be mandatory [under the Soldiers' and Sailors' Civil Relief Act] if the application were made," in *Pacific Greyhound Lines* v. *Superior Court* (1946), 28 Cal.2d 61, 68 [168 P.2d 665]; or (3) estoppel, such as "the defendant's oral request for an extension of time, made in open court and granted, as shown by the minute order . . ." in *Woley* v. *Turkus* (1958), 51 Cal.2d 402, 409 [334 P.2d 12].

These situations differ in substance from appellants' attempt to prolong the time because of the difficulty they encountered in obtaining the testimony of the material witness. Indeed, the line drawn by the statutory limitation will become obscured in the shadows cast by potential witnesses if we rule that appellants' showing avoids the limitation here. The contention that the litigant sought vainly for a material witness can be easily and frequently asserted. The very determination of whether the litigant did proceed with due diligence, the witness were material, other witnesses would not have served as well, involves the protraction of litigation which the Legislature meant to avoid. While the courts properly seek to afford plenary opportunity for a hearing, we cannot disregard the necessity for expedition, which the Legislature incorporated here into this statutory limitation; we believe the statute composes an absolute limitation in this type of case.

But even accepting, for the sake of argument, appellants' premise that the court may exercise its discretion as to dismissal, and, upon appellants' showing here, should have, in the exercise of such discretion, denied dismissal, we cannot find error.

Assuming some discretionary power resides in the trial court under the section, the court may well decline to invoke it in the case of time lost to procure a witness. While appellants suggest that the court "stated he did not have jurisdiction to deny the motion," the stipulation of the parties as to the judge's expressions at the hearing actually alleges the judge "stated, *among other things,* that he had no discretion in the matter and that he must dismiss the action." (Italics added.) The judgment of the court recites that it considered the "affidavits of counsel for the plaintiffs and the defendant." Thus the judge may well have determined upon the basis of the affidavits that the showing was insufficient to avoid the absolute limitation of the statute and that he was not impelled by them to exercise any discretion in the matter.

While appellants here firmly plant themselves upon the

proposition that they are entitled to their day in court, respondent just as firmly asserts the axiom that there must be an end to litigation. Both contentions rest upon sound objectives and the courts have long struggled to reconcile them. But it is one thing to preserve the day in court when the nature of the proceedings themselves cause the delay; it is another when the litigant alleges he needed the extra time to produce a ''material'' witness. To open the door for this purpose is to open it wide, and, in such a case as this, to protract litigation in violation of the express mandate and purpose of the Legislature.

We affirm the judgment.

Bray, P. J., and Duniway, J., concurred.