[Civ. No. 6092.   Fourth Dist.   Apr. 26, 1960.]

ISADORE C. ROBERTSON, Petitioner, v. SUPERIOR COURT OF KERN COUNTY, Respondent; JOE PERKINS, a Minor, etc., et al., Real Parties in Interest.

Borton, Petrini, Conron, Brown & Condley for Petitioner.

No appearance for Respondent.

James A. Gardner and Baker, Palmer, Wall & Raymond for Real Parties in Interest.

GRIFFIN, P. J.—Joe Perkins, a minor, et al., as plaintiffs, instituted an action against defendant Isadore C. Robertson in Kern County. The trial judge sustained defendant's demurrer to plaintiff's third amended complaint without leave to amend. Judgment was rendered in favor of defendant. An appeal followed. In *Perkins* v. *Robertson*, 140 Cal.App. 2d 536 [295 P.2d 972], this court, on April 5, 1956, reversed

the judgment with certain directions. Remittitur issued and was filed with the clerk of the superior court of that county on June 6, 1956. More than three years elapsed after said date before the action was brought to trial. On February 11, 1960, defendant moved to dismiss the action under section 583, Code of Civil Procedure, which provides:

"When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial . . . the action must be dismissed by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court."

On February 24, 1960, the court denied defendant's motion to dismiss and set the case for trial on March 21, 1960.

On the return to the order to show cause, plaintiffs argue the writ should be denied, claiming that section 583, *supra,* is not applicable because in the first instance there was no *trial* of the action in the ordinary sense of the word because the reversal was the result of a dismissal after sustaining a demurrer without leave to amend; that the section applies only where an appeal has been taken and the judgment has been "reversed with cause remanded for a new trial" and does not cover the situation here presented because there never was, in the ordinary sense, a trial on an issue of fact in the first instance. (Citing *Perkins* v. *Robertson, supra*; *Elmhurst Packers, Inc.* v. *Superior Court,* 46 Cal.App.2d 648 [116 P.2d 487] ; *Wyoming Pacific Oil Co.* v. *Preston,* 50 Cal.2d 736, 740 [329 P.2d 489] ; *Weightman* v. *Hadley,* 138 Cal.App.2d 831 [292 P.2d 909] ; *Harris* v. *Board of Education,* 152 Cal. App.2d 677, 683 [313 P.2d 212] ; *Booth* v. *County of Los Angeles,* 69 Cal.App.2d 104, 107 [158 P.2d 401] ; Code Civ. Proc., § 656 ; 4 Cal.Jur.2d 588, § 684.)

*Smith* v. *City of Los Angeles,* 84 Cal.App.2d 297 [190 P.2d 943], hearing denied, definitely held that: "Where a demurrer to a complaint was sustained without leave to amend and judgment was given for the defendant, and where an appellate court reversed the judgment with directions to overrule the demurrer, but did not remand the cause for a new trial, the demurrer went direct to the determination of the rights of the parties and all rights involved in the complaint, and the action was brought to 'trial' within the meaning of Code Civ. Proc., § 583, requiring the dismissal of

actions not brought to trial within the time prescribed therein.''

In *Carney* v. *Simmonds,* 49 Cal.2d 84, 85 [315 P.2d 305], it was held that: ''There may be a 'trial' and hence a situation proper for a new trial motion where only issues of law are determined.''

In effect, in the instant case, the reversal of the former judgment directed, or at least authorized, a new trial on the remaining issues. An unqualified reversal remands a cause for a new trial. (*Central Savings Bank of Oakland* v. *Lake,* 201 Cal. 438, 443 [257 P. 521].) In *McDonnell* v. *American Trust Co.,* 178 Cal.App.2d 325 [2 Cal.Rptr. 826], it was held that under section 583, *supra*: ''. . . providing that when an appeal has been taken and the judgment reversed with cause remanded for a new trial, the action 'must be dismissed' by the trial court, on proper notice and motion, unless brought to trial within three years from the date on which remittitur is filed.''

In *Booth* v. *County of Los Angeles,* 69 Cal.App.2d 104, 108 [158 P.2d 401], in affirming a dismissal under section 583, *supra,* it was said: ''When three years had elapsed after the filing of the remittitur and the action had not been brought to trial, the court was without jurisdiction to proceed further except by ordering a dismissal.'' (See also *Legg* v. *United Benefit Life Insurance Co.,* 136 Cal.App.2d 894 [289 P.2d 553].)

The effect of section 656, Code of Civil Procedure, and authorities cited by the parties in interest here in connection therewith, indicating that a new trial is a reexamination of an *issue of fact* was fully explained in *Carney* v. *Simmonds, supra,* which to some extent specially overruled the holdings in some of those cases and definitely held that ''There may be a 'trial' and hence a situation proper for a new trial motion where only issues of law are determined'' and said that ''As a matter of orderly procedure, there is no less reason why the trial court should have a second chance to reexamine its judgment where issues of fact are involved than where issues of law or law and fact are decided.'' (See also *Shutes* v. *Cheney,* 123 Cal.App.2d 256, 263 [266 P.2d 902].)

Next, objection is made on this appeal to the absence of a complete record showing petitioner is entitled to the relief sought. Certified copies of records establishing the

facts above-mentioned and considered by the trial court were presented to this court for consideration in connection with the petition. There is no merit to this objection.

Lastly, it is claimed petitioner waived any right to a dismissal of the action under section 583, Code of Civil Procedure, by participating in a pretrial proceeding six months after the three-year limitation and accordingly would be estopped from asserting any rights under it. The only evidence before this court on the subject is the entry of a pretrial order made on December 4, 1959, noting the presence of defendant's attorneys. It contained a general expression that the statement of facts mentioned therein and issues raised by the pleadings were incorporated therein and ordered the case set for trial for March 21, 1960. There is no sufficient showing of a waiver or estoppel. Furthermore, there is no indication that the three-year provision of section 583, *supra,* can be so waived, and the cases appear to hold that when the three years have elapsed the court, with certain probable exceptions not here present, was without jurisdiction to act except by ordering a dismissal of the action. (*Booth* v. *County of Los Angeles,* 69 Cal.App.2d 104, *supra, Gonsalves* v. *Bank of America,* 16 Cal.2d 169 [105 P.2d 118]; *Neustadt* v. *Skernswell,* 99 Cal.App.2d 293, 295 [221 P.2d 694]; *Legg* v. *United Benefit Life Insurance Co., supra.*) In *J. C. Penney Co.* v. *Superior Court,* 52 Cal.2d 666, 667 [343 P.2d 919], it was held that "A pretrial conference is merely a step, though a vital one, leading to the trial" and the pretrial rules do not affect the operation of section 583, *supra.* Volume I, Barron and Holtzoff, Federal Practice and Procedure, 964-965, section 473, in discussing the pretrial procedure, states:

"The order, unless modified, controls the subsequent course of the trial and proceedings on appeal. However if the order is silent as to any jurisdictional issue, the court must consider a jurisdictional attack at any later stage of the action."

Writ granted and the trial court is ordered to dismiss the action.

Shepard, J., and Coughlin, J., concurred.

A petition for a rehearing was denied May 17, 1960, and the petition of the real parties in interest for a hearing by the Supreme Court was denied June 22, 1960. Peters, J., was of the opinion that the petition should be granted.