[Civ. No. 27488.   Second Dist., Div. Two.   May 5, 1964.]

DAVID LANE, Plaintiff and Appellant, v. HARMON B. DAVIS et al., Defendants and Respondents.

Robert J. Johnston for Plaintiff and Appellant.

Gepner & Fox and Philip N. Gepner for Defendants and Respondents.

ROTH, J.—On April 1, 1957, appellant sued in a single cause of action for a real estate broker's commission. Demur-

rers to the first complaint and a second complaint which was in two causes of action, were sustained, the latter being sustained without leave to amend. An appeal was taken by appellant, and the judgment entered upon the order sustaining the demurrer was affirmed as to the first cause of action and reversed as to the second cause of action, with instructions to the trial court to grant plaintiff leave to amend. (*Lane* v. *Davis*, 172 Cal.App.2d 302 [342 P.2d 267].) The remittitur was filed on September 23, 1959.

After remand to the trial court, amended complaints having been filed, a demurrer to the second cause of action of the fourth amended complaint was sustained without leave to amend, but a demurrer to the first cause of action of said fourth amended complaint was overruled. No judgment was entered upon and no appeal taken from the order sustaining without leave the demurrer to the second cause of action of the fourth amended complaint.

Respondents' answer to the first cause of action was filed on July 25, 1960. After a pretrial conference held in August 1962, trial was set for October 29, 1962. On October 19, 1962, respondents moved to dismiss on the ground that appellant had failed to bring the action to trial within three years as required by section 583 of the Code of Civil Procedure.

The pertinent portion of section 583 reads as follows:

"... When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial ... the action must be dismissed by the trial court, on motion of defendant ... or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court."

The motion was granted and this appeal is from the judgment entered on the order granting the motion under section 583.

The decisive question presented is whether the judgment and remand of the appellate court (*Lane* v. *Davis, supra*) permitting amendment of the second cause of action of the second amended complaint, is the granting of a new trial within the meaning of section 583.

On all fours with the facts of this case are the cases of *McDonnell* v. *American Trust Co.*, 178 Cal.App.2d 325 [2 Cal.Rptr. 826], and *Robertson* v. *Superior Court*, 180 Cal. App.2d 372 [4 Cal.Rptr. 297] (hearing denied by the Supreme Court). Each case holds that a situation such as described here is a new trial within the meaning of the pertinent portion of section 583 and that, if the action is not

brought to trial within three years from date of remittitur, the court *must* dismiss. In *McDonnell* the court reviews prior decisions and says at page 328:

"Not one of these decisions support appellants' argument that the trial court must apply its discretion to temper the rigidity of the rule."

Appellant further contends that *Berri* v. *Superior Court,* 43 Cal.2d 856 [279 P.2d 8] suggests a different interpretation.

In *Berri,* a demurrer was sustained without leave to amend. No judgment, however, was entered thereon. Shortly prior to the expiration of the five-year period provided for in the first portion of section 583, plaintiff sought to enter a judgment on the order sustaining without leave. Pending the signing of such judgment by the trial court, however, the five-year period expired and defendant (in that action) made a motion to dismiss under section 583. Plaintiff petitioned in mandate to compel the trial court to sign the judgment she had presented.

In *Berri,* the court speaking directly on the facts of that case said at page 861:

"Inasmuch, however, as the trial court may change its ruling on the demurrer, as no judgment has been entered, the trial court is hereby directed to render judgment, or if it deems advisable, give consideration to a reexamination of its ruling. In case it does the latter, however, the action is not subject to dismissal because under the above reasoning there has been, in effect, a partial trial of the action and section 583 is inoperative. A partial trial of an action will take the case out of the operation of section 583. (*City of Los Angeles* v. *Superior Court,* 15 Cal.2d 16 [98 P.2d 207] ; see *O'Day* v. *Superior Court, supra,* 18 Cal.2d 540 [116 P.2d 621].) Let the writ issue directing the trial court to enter a judgment of dismissal or overrule the demurrer."

The *Berri* case was prior to *McDonnell* and *Robertson.* It is cited in neither and a hearing was denied in *Robertson.*

In *Berri* the court decided that a demurrer sustained without leave to amend upon which no judgment was entered, was only a partial trial because on presentation of a judgment the trial court might, as it had the right to do, change its mind and overrule the demurrer. This situation is not the same as it was in *McDonnell* and *Robertson.*

On rationale it would appear that the Legislature did not intend to penalize a litigant for diligence in bringing a case to trial, yet if the statute is applied as interpreted by *Mc-*

*Donnell* and *Robertson,* the result could be a penalty for diligence. Thus, a litigant could appeal on a question of law such as a judgment entered on a demurrer sustained without leave and be remanded to the trial court within six months after filing a complaint. Applying section 583 as interpreted by *McDonnell* and *Robertson,* reduces the time allowed plaintiff to bring an action to trial from five years to three and one-half.

On the facts here involved, however, more than five years had expired from the time the complaint was filed. Appellant thus had the advantage of the five-year limitation and the three-year limitation.

Appellant urges that when respondents at the pretrial conference held in August 1962 permitted without objection the trial of the case to be set for October 29, 1962, which date was 10 days after the expiration of the three-year period, respondents estopped themselves from making any objection or waived any objection.

There is no showing that respondents or either of them knew, when a pretrial date was set, that the trial date was beyond the expiration of the three-year period, nor has any case been cited to us and we know of none which makes it respondents' duty, even if they knew, to call such fact to appellant's attention. There is present in this case not the slightest evidence squinting at fraud or connivance on respondents' part to have a trial date fixed to a time when the three-year period would have expired.

It seems to be clear too that the portion of section 583 here involved cannot be extended even with written stipulation; thus in *Neustadt* v. *Skernswell,* 99 Cal.App.2d 293, at page 295 [221 P.2d 694] the court says: ''It should be noted however that the portion of section 583 applicable here does not incorporate the exception found in the other portions of the section excusing the delay when a written stipulation extending time has been made. Cases holding that the 'written' stipulation might be excused under certain exceptional circumstances have no application to the last sentence of the section which is applicable here and which admits of no stipulation written or oral.''

The judgment is affirmed.

Kincaid, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

64

HERNDON, Acting P. J.—I concur in the judgment. However, I feel impelled to declare my feeling that this concurrence is compelled solely by the decisions in *Robertson* v. *Superior Court,* 180 Cal.App.2d 372 [4 Cal.Rptr. 297], hear. den., and *McDonnell* v. *American Trust Co.,* 178 Cal.App.2d 325 [2 Cal.Rptr. 826], holding that section 583 of the Code of Civil Procedure, and particularly its three-year mandatory period, is applicable to cases involving the correction on appeal of the erroneous sustaining of demurrers, and by the decisions in *Legg* v. *United Benefit Life Ins. Co.,* 136 Cal. App.2d 894 [289 P.2d 553], hear. den., and *Neustadt* v. *Skernswell,* 99 Cal.App.2d 293 [221 P.2d 694], holding that, when applicable, such three-year period is subject to no exceptions, not even that of an estoppel arising from the stipulation of the parties to the later trial date.

If these were new questions open for initial determination by us, I would refuse without hesitation to apply the abstract rules enunciated in the above cited decisions to the present action. Notwithstanding my belief that such a refusal by us is foreclosed by said decisions, I nevertheless shall set forth my reasons for regarding the interpretation therein given section 583 as not in accord with the basic intent of the Legislature in order that whatever rule is deemed preferable may be established by appropriate amendment.

To me it appears very clear that section 583 was intended to establish certain limiting standards applicable to cases in which there has been a lack of diligent prosecution, and that it was not intended to operate as a vehicle by which to penalize a diligent litigant for delay attributable to judicial error for which he was in no way responsible. Initially, section 583 establishes certain limits within which the trial court may exercise its inherent power to dismiss cases that have not been brought to trial with reasonable diligence. Thus, it provides that the trial court may not dismiss an action for failure to bring it to trial until two years have expired and that it must dismiss after the expiration of five years. Section 583 also sets a maximum limitation for the retrial of cases in which, following a trial, a new trial has been granted either by the trial court or by an appellate court following reversal upon appeal.

The practical procedural considerations underlying this expression of legislative intent are clear. As stated in *Continental Pac. Lines* v. *Superior Court,* 142 Cal.App.2d 744, 750 [299 P.2d 417], in connection with a discussion of the recognized exceptions to the five-year limitation applicable to cases

in which, for all practical purposes, proceeding to trial within the described period would have been futile: "It [the statute] was amended to measure the five years from the beginning of the action, and it was intended that the five years allowed should be considered sufficient to afford fair opportunity to bring a cause to trial, even though a part of the five-year period must necessarily be consumed in service of process, disposition of demurrers, amendment of pleadings, if necessary, usual and reasonable time consumed in waiting for a place on the court's calendar or in securing the attendance of a jury and suchlike usual and necessary proceedings; ..." This language was quoted with approval in *J. C. Penney Co.* v. *Superior Court,* 52 Cal.2d 666, 670 [343 P.2d 919], and its reasoning was applied, at least in part, to recent developments in the field of pretrial proceedings.

In essence, then, it is clear that the language of section 583 expresses a recognition by the Legislature that, in view of essential and appropriate procedural steps leading to a trial, it would be inadvisable to dismiss an action in less than two years, but that it should be dismissed at the end on five years, unless extended by certain judicially created exceptions, or by stipulation of the parties.

However, when all the necessary procedural steps have been completed and a trial on the merits has been had within the five-year period, but a new trial subsequently has been granted, the trial court must dismiss the action three years thereafter and *may* dismiss it, in the reasonable exercise of its inherent power, at any time after the order granting such new trial, or the filing of the remittitur if the new trial is granted following an appeal. (*Cameron* v. *Cameron,* 110 Cal. App.2d 258, 260-261 [242 P.2d 408]; *Inderbitzen* v. *Lane Hospital,* 17 Cal.App.2d 103, 106 [61 P.2d 514]; see also *Holt* v. *Pardue,* 178 Cal.App.2d 528, 533 [3 Cal.Rptr. 225]; *Mastelotto* v. *Harbor Box & Lumber Co.,* 170 Cal.App.2d 429, 434 [338 P.2d 988]; *Clements* v. *Ragghianti,* 155 Cal.App.2d 188, 191 [317 P.2d 706], stating the inapplicability of section 583 in cases involving partial trials or mistrials.)

The soundness of the rulings in the cited decisions is apparent, for the plaintiffs therein had had full opportunity to complete all necessary proceedings prior to the first trial of their cases on their merits and ordinarily there would be no good reason that the second trials should not be rescheduled promptly.

In addition, it has been held that the sustaining of a

demurrer without leave to amend (*Berri* v. *Superior Court,* 43 Cal.2d 856, 859 [279 P.2d 8]; *Smith* v. *City of Los Angeles,* 84 Cal.App.2d 297, 305 [190 P.2d 943]), and the granting of a motion for summary judgment (*Southern Pacific Co.* v. *Seaboard Mills,* 207 Cal.App.2d 97, 104-105 [24 Cal.Rptr. 236]) constitute "trials" sufficient to remove the action from the five-year limitation of section 583. Nothing in these decisions, however, provides any authority for the proposition that the reversal on appeal following such "trials" constitutes the granting of a "new trial" so as to make the other mandatory portions of section 583 applicable.

"When the demurrer has been sustained and judgment of dismissal has been entered there has been a trial and *the action is not subject to dismissal under section 583.*" (Italics added.) (*Berri* v. *Superior Court, supra,* at p. 859.) Further, in the *Berri* case where the trial court had not entered judgment following the sustaining of the demurrer without leave to amend, but subsequently had dismissed the action for failure to bring it to trial within five years, the court concluded (p. 861) : "Inasmuch, however, as the trial court may change its ruling on the demurrer, as no judgment has been entered, the trial court is hereby directed to render judgment, or if it deems advisable, give consideration to a reexamination of its ruling. In case it does the latter, however, the action is not subject to dismissal because under the above reasoning there has been, in effect, a partial trial of the action and section 583 is inoperative. *A partial trial of an action will take the case out of the operation of section 583.* [Citations.]" (Italics added)

In *Smith* v. *City of Los Angeles, supra,* the court stated (p. 305) : "Inasmuch as we hold that the sustaining of the demurrers herein without leave to amend, followed by judgments for the defendants, constituted a 'trial' within the meaning of section 583 of the Code of Civil Procedure, *we conceive it to be unnecessary* to examine and decide the contentions of appellants that upon the reversal of the judgments herein, the actions were not subject to dismissal under the provisions of section 583 of the Code of Civil Procedure because they were brought to trial within a period of three years after the remittitur of the appellate court was lodged with the clerk of the trial court and, that in computing the period of five years within which an action must be brought to trial under the provisions of section 583 of the Code of Civil Procedure, where a final judgment has been entered

upon an order sustaining a demurrer to the complaint without leave to amend, followed by an appeal and reversal of the judgment, the time elapsing between the filing of the demurrer and the final determination of the appeal must be excluded.'' (Italics added.)

Similarly, in *Southern Pacific Co.* v. *Seaboard Mills, supra,* at pages 104-105, this court was not called upon to determine whether the three-year limitation upon the granting of new trials following reversal would have been applicable, because the matter had been dismissed prior to that date. We only pointed out therein that since the case had been brought to ''trial'' (a motion for summary judgment having been granted) thereafter the two and five-year limitations of section 583 were inapplicable and the trial court had not granted the motion to dismiss under its inherent discretionary powers.

In my opinion, the rule that the erroneous sustaining of a demurrer without leave to amend constitutes a ''trial'' or partial trial sufficient to remove the action from the mandatory five-year limitation, does not necessarily require a holding that it becomes subject to a mandatory three-year limitation. In my view, a declaration that it does is both a non sequitur and diametrically opposed to the intent of the Legislature. The plaintiff, in the instant case, had been deprived of the period fixed by the Legislature as a reasonable one within which to bring his case on for trial initially upon its merits after full opportunity allowed to complete correction of pleadings, discovery and other pretrial procedural matters, by the application of a rule developed by the courts to avoid this very situation.

Indeed, even if the period preceding the filing of respondent's demurrer, which was erroneously sustained without leave to amend, were tacked on to the time elapsed following the filing of the remittitur (on the decision which corrected such error) until the trial date, the total still would not be equal to the five years to which he would have been entitled absent such error. However, if the question were open I would not feel it necessary to hold that tacking would be required, for I agree with the ruling in the *Smith* case above cited that in situations of the present type, none of the mandatory maximum limitations of section 583 are applicable and that the action is subject to dismissal only under the inherent power of the court.

Since the dismissal in the instant case clearly was not

made in the exercise of any inherent power of the court, and since there was no showing that plaintiff was lacking the diligence in bringing the case on for trial that would have warranted an exercise of such powers, I would reverse the judgment if I were free so to do.

Furthermore, the record in the instant case clearly shows that both parties expressly *stipulated* to the trial date, and respondent necessarily would have waived any right he had to complain thereof. Although the stipulation referred to in section 583 must be in writing, the case of *Wright* v. *Groom Trucking Co.*, 206 Cal.App.2d 485, 490-492 [24 Cal.Rptr. 80], expressly points out that an oral stipulation entered in the minutes of the court satisfies this requirement, but one that is not entered does not. The court in *Wright* went on to point out (p. 492) : ''The foregoing language is applicable to the case before us. The pretrial conference order upon which plaintiffs here rely, *makes no mention of any stipulation entered into between the parties.* Indeed, no consent of the parties was required for the setting of the case for trial after pretrial conference. [Citations.] Plaintiffs seek to have us look behind the court's pretrial conference order and in effect change it, by construing it as a written stipulation. This we cannot do. It is not a written stipulation and *makes no mention of a written stipulation.*'' (Italics added.) (Cf., also, *J. C. Penney Co.* v. *Superior Court, supra,* 52 Cal.2d 666, 671.)

In the instant case, the pretrial conference order contained in the clerk's transcript filed in this appeal expressly states: ''*The parties stipulate the case may be set for trial* in Department NE ''A'' at 9:30 A.M. on the 29th day of October, 1962.'' (Italics added.)

Were it not for the fact that I regard myself as bound by the earlier decisions heretofore cited, I would hold that respondent was not entitled to seek a dismissal in the face of the express stipulation contained in the trial setting order, and, for this second reason, I would reverse the judgment.