[Civ. No. 22854.   First Dist., Div. Two.   Feb. 23, 1966.]

EDWARD HSU, JR., a Minor, etc., et al., Plaintiffs and Appellants, v. CITY AND COUNTY OF SAN FRANCISCO et al., Defendants and Respondents.

Small & Werthimer, Jack C. Small and Johnson C. Montgomery for Plaintiffs and Appellants.

Thomas M. O'Connor, City Attorney, and Patrick R. Kelly, Deputy City Attorney, for Defendants and Respondents.

SHOEMAKER, P. J.—Plaintiffs appeal from a judgment dismissing the action for their failure to bring it to trial within the time required under Code of Civil Procedure, section 583.[1]

The instant action was commenced on October 6, 1959, when plaintiffs Edward Hsu, Jr., Lillian Hsu and Edward Hsu filed a complaint to recover damages for false imprisonment, assault and battery. The complaint named as defendants the City and County of San Francisco (hereafter referred to as "city"), and a number of the employees of city alleged to have acted within the scope of their employment. The tortious conduct complained of allegedly occurred during the period from October 11, 1958, to April 17, 1959.

On June 29, 1960, the court sustained the city's demurrer to the complaint without leave to amend and entered judgment in its favor. Plaintiffs filed notice of appeal therefrom.

On July 6, 1961, the judgment appealed from was reversed by the District Court of Appeal at the request of respondent city, and the remittitur was filed in the superior court. The

---

[1]Plaintiffs also appeal from an order denying their motion to rehear and reconsider defendants' motion to dismiss, to set aside the dismissal, to deny the motion to dismiss, and to advance the case for an early trial date. This order is not appealable, since an appeal from said order would present the same questions as an appeal from the judgment of dismissal. (3 Witkin, Cal. Procedure (1954) Appeal, §§ 23, 26, pp. 2167, 2170-2171.)

city's decision to request reversal was based upon the opinion in *Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], which abolished the doctrine of governmental immunity from tort liability and which became final on February 27, 1961.

On September 15, 1961, chapter 1404 of the 1961 statutes became effective. This legislation suspended the rule of *Muskopf* v. *Corning Hospital Dist., supra,* until "the 91st day after the final adjournment of the 1963 Regular Session of the Legislature." Section 4 of the 1961 statute provided that causes of action which arose between February 27, 1961, and the 1963 date and which were barred solely by the provisions of the statute could be brought and maintained in the manner prescribed by law on or after the 1963 date. The statute made no reference to causes of action arising prior to February 27, 1961. However, in *Corning Hospital Dist.* v. *Superior Court* (1962) 57 Cal.2d 488, 494 [20 Cal.Rptr. 621, 370 P.2d 325], it was held that the Legislature had not intended to destroy such causes of action but merely to suspend them until the 1963 date. "Absent further legislation, cases coming within the statute should be continued and not brought to trial until after the specified date in 1963. In the interim the parties may file pleadings if they so desire and may resort to proceedings for the discovery and perpetuation of evidence in accordance with the sections of the Code of Civil Procedure (§ 2016 et seq.) relating to that subject." (Pp. 496-497.)

On September 20, 1963 (the 91st day after the final adjournment of the 1963 regular session of the Legislature),[2] the moratorium imposed by chapter 1404 of the 1961 statutes came to an end.

On December 31, 1963, plaintiffs filed a memorandum to set the case for trial.

On December 11, 1964, defendants filed a motion to dismiss the action for failure to bring it to trial within five years, as required under Code of Civil Procedure, section 583.

On December 16, 1964, defendants filed a further motion to dismiss, relying upon the ground raised in the prior motion and raising the further ground that the action had not been brought to trial within three years from the filing of the remittitur, as required under Code of Civil Procedure, section 583.

---

[2]See Stats. 1963, vol. I, p. 603.

On February 5, 1965, the court granted the motion to dismiss and on February 19, 1965, a judgment of dismissal in favor of all defendants was made and filed. The instant appeal followed.[3]

Code of Civil Procedure, section 583, provides in pertinent part as follows: ''Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action [except under circumstances not here present]. . . . When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial . . . the action must be dismissed by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court.''

In the instant case, defendants' motion to dismiss was not addressed to the court's inherent power to dismiss for want of prosecution, but was based solely upon the five-year and three-year time limitations imposed by section 583.

An examination of the minute order and final order of dismissal fails to disclose whether the trial court based such orders on the five-year or three-year limitation or whether it applied one limitation to plaintiffs' cause of action against defendant city and another to their cause of action against the individual defendants.[4]

■ Under the applicable authorities, the three-year, rather than the five-year, limitation is normally applicable in a situation where the defendant's demurrer to the complaint has been sustained without leave to amend and the judgment

---

[3]It may be noted that plaintiffs actually filed notice of appeal from the minute order of February 5, 1965, rather than the formal order of February 19, 1965. Under Code of Civil Procedure, section 581d, as amended in 1963, it would seem clear that the appeal ought to have been taken from the latter order. (See 39 State Bar J. 460 at 461.) However, since respondents treat this appeal as taken from the proper order, it would appear that this court may also do so. (See *Vallis* v. *Canada Dry Ginger Ale, Inc.* (1961) 190 Cal.App.2d 35, 36, fn. 1 [11 Cal.Rptr. 823], and authorities therein cited.

[4]In the minute order, one five-year case (*J. C. Penney Co.* v. *Superior Court* (1959) 52 Cal.2d 666 [343 P.2d 919]) and one three-year case (*Lane* v. *Davis* (1964) 227 Cal.App.2d 60 [38 Cal.Rptr. 425]) are cited. The final order makes specific reference to the date on which the remittitur was filed.

entered upon such order is thereafter reversed on appeal. (*Lane* v. *Davis* (1964) 227 Cal.App.2d 60, 61-63 [38 Cal. Rptr. 425]; *Robertson* v. *Superior Court* (1960) 180 Cal. App.2d 372, 374-375 [4 Cal.Rptr. 297]; *McDonnell* v. *American Trust Co.* (1960) 178 Cal.App.2d 325 [2 Cal.Rptr. 826]; *Smith* v. *City of Los Angeles* (1948) 84 Cal.App.2d 297, 301-305 [190 P.2d 943].)

It follows that plaintiffs were required to bring their action against defendant city to trial by July 5, 1964 (three years after the filing of the remittitur) unless they are correct in contending that the period during which the moratorium statute was operative cannot be considered a part of such three-year period.[5]

Plaintiffs' contention must be upheld.

The moratorium statute suspended plaintiffs' cause of action against defendant city and absolutely prohibited them from bringing the case to trial during the period from September 15, 1961, to September 20, 1963, a total period of 735 days. Since the Legislature did not intend to destroy plaintiffs' cause of action but only to suspend it (*Corning Hospital Dist.* v. *Superior Court, supra,* at p. 494), it appears to us that the Legislature must have intended that the time limitations imposed by Code of Civil Procedure, section 583, should not continue to run during the moratorium period. Any other construction would result in the automatic destruction, rather than the suspension, of any cause of action upon which suit had been commenced prior to September 19, 1958, or which had been remanded for a new trial prior to September 20, 1960. Such construction would be contrary to the intent and purpose of the statute.

Defendant city suggests that in those situations where the time limitations imposed by section 583 have not actually

---

[5]It may be noted that in *Lane* v. *Davis* (1964) 227 Cal.App.2d 60, at pp. 62-63 [38 Cal.Rptr. 425], the court pointed out that the rule espoused in *Robertson* v. *Superior Court* (1960) 180 Cal.App.2d 372 [4 Cal.Rptr. 297], and *McDonnell* v. *American Trust Co.* (1960) 178 Cal.App.2d 325 [3 Cal.Rptr. 826], might under certain circumstances actually result in penalizing a litigant for diligence in bringing a case to trial. Thus, where the sustaining of a demurrer is reversed and the cause remanded to the trial court within six months after the filing of the complaint, the plaintiff is compelled to bring the case to trial within three and one-half years rather than five.

In the instant case, the three-year period expired on July 5, 1964, and the five-year period on October 5, 1964. However, this fact has no real import upon the present appeal, since the motion to dismiss was not made until well after the expiration of both periods.

expired prior to the end of the moratorium and it is thus theoretically possible for the plaintiff to bring his case to trial within the time required, the applicable time limitations should be computed without consideration for the existence of the moratorium. This argument poses a distinction without a difference. Where a plaintiff, through no fault of his own, has been precluded for a period of more than two years from bringing his action to trial, it would constitute the grossest form of inequity to hold that during any of such period the time limitations requiring that the action be brought to trial were running against him.  ■  The enactment of Code of Civil Procedure, section 583, obviously constituted a legislative determination that a delay of five years after the filing of the complaint or a delay of three years after a remand for new trial was unreasonable as a matter of law, and that less delay might or might not be unreasonable as a matter of fact and discretion. (*Woley* v. *Turkus* (1958) 51 Cal.2d 402, 406 [334 P.2d 12]; *Vladu* v. *State of California* (1959) 175 Cal. App.2d 50, 52 [345 P.2d 302].)  ■  Here, the judgment of dismissal was based upon the mandatory provisions of section 583 and not upon the trial court's inherent power to dismiss for lack of prosecution. With the moratorium period excluded from the applicable three-year period, it is apparent that under the mandatory provisions of section 583, plaintiffs were not required to bring their cause of action against defendant city to trial until July 10, 1966, and that the trial court erred in granting a dismissal in favor of defendant city.

■  A different situation is presented, however, as to the individual defendants named in the complaint. At all times subsequent to the filing of the action, plaintiffs were free to bring the case to trial against them. Neither the sustaining of the city's demurrer, plaintiffs' appeal therefrom, nor the imposition of the moratorium, constituted any legal impediment to the prosecution of the action against the remaining defendants. Under such circumstances, plaintiffs were required to bring the action to trial against these defendants within the five-year period provided for in Code of Civil Procedure, section 583, unless it can be said that the pendency of plaintiffs' appeal and the imposition of the moratorium made it "impracticable and futile" to do so and thereby brought plaintiffs within the "implied exceptions" doctrine recognized in such cases as *Christin* v. *Superior Court* (1937) 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153]; *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d

736, 740 [329 P.2d 489]; *J. C. Penney Co.* v. *Superior Court* (1959) 52 Cal.2d 666, 671 [343 P.2d 919]; *Heward* v. *Cromwell* (1963) 216 Cal.App.2d 613, 616 [31 Cal.Rptr. 249]; *Muller* v. *Muller* (1960) 179 Cal.App.2d 815 [4 Cal.Rptr. 419].)

Plaintiffs rely upon *City of Pasadena* v. *City of Alhambra* (1949) 33 Cal.2d 908, 917 [207 P.2d 17]; *Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61, 67-68 [168 P.2d 665]; and *Rauer's Law etc. Co.* v. *Higgins* (1946) 76 Cal. App.2d 854 [174 P.2d 450], in support of their contention that the "implied exceptions" doctrine is applicable. None of these authorities supports their position.

In *City of Pasadena* v. *City of Alhambra, supra,* plaintiff brought an action to determine ground water rights within a specific area, and the trial court referred the matter to the Division of Water Resources of the Department of Public Works for a determination of the facts, pursuant to an applicable section of the Water Commission Act then in force. On appeal, it was held that the time consumed by this reference should be excluded in computing the five-year period prescribed by section 583.

In *Pacific Greyhound Lines* v. *Superior Court, supra,* the court merely held that the trial court had not abused its discretion in determining that it would have been impracticable and futile for plaintiff to bring the case to trial during the period that one of the defendants was in the military service and therefore could have stayed the action under the Soldiers' and Sailors' Civil Relief Act.

In *Rauer's Law etc. Co.* v. *Higgins, supra,* the court similarly upheld the trial court's determination that it would have been impracticable and futile for plaintiff to bring the action to trial during the three-year period when the assignor of the claim sued upon was in the military service and presumably could have stayed the action.

In the present case, the trial court concluded that the pendency of plaintiffs' appeal and the imposition of the moratorium did not render it either impracticable or futile for plaintiffs to proceed to trial against the individual defendants. Such a determination was clearly within the court's discretion and cannot be disturbed on appeal. The five-year period, when subject to no implied exceptions, expired on October 5, 1964, hence the court was correct in dismissing plaintiffs' action against the individual defendants.

The purported appeal from the order denying plaintiffs'

324

motion for rehearing and reconsideration is dismissed; the judgment appealed from is reversed insofar as it grants a dismissal in favor of defendant city; in all other respects, the judgment is affirmed. Each party to bear their own costs on appeal.

Agee, J., and Taylor, J., concurred.